### SMALL v. BROOKS et al.
#### No. 9121.

Court of Civil Appeals of Texas. Austin.
May 27, 1942.

Rehearings Denied June 17, 1942.

Dibrell & Snodgrass, of Coleman, Grady L. Fox, of Amarillo, and Sam Montgomery, of Tulsa, Okl., for appellant.

Baker & Baker and E. M. Critz, all of Coleman, for appellees.

BAUGH, Justice.

Appellant sued appellees in trespass to try title to 1,280 acres of land in McCulloch County, for $1,920 rentals thereon and to set aside a deed she had made in 1923 to Annie May Brooks, her daughter. Also to recover 1,280 acres of land in Coleman County to establish a claim for $1,537.04 and foreclose an asserted lien securing it against other lands in Coleman County; and in the alternative, if denied a recovery of the Coleman County lands, to establish a debt against appellees for $13,412.43, with accrued interest, and to establish and foreclose a subrogation lien in her favor against the 1,280 acres in Coleman, as securing the latter claim. Trial was to a jury on special issues, all of which were answered in favor of appellant. The trial court rendered judgment in favor of appellant for the McCulloch County lands, but denied her recovery of the rentals sued for on these lands; and denied her any recovery as to the Coleman County lands, or on either of her claims with reference thereto. Mrs. Small appealed from so much of said judgment as was rendered against her; and Annie May Brooks and husband, Joe Z. Brooks, have appealed from the portion of the judgment in favor of Mrs. Small and against them.

We consider first the McCulloch County lands, as to recovery of which by Mrs. Small, Annie May and Joe Z. Brooks are appellants; but as to the issue of rents therefrom Mrs. Small is appellant. The issue of title, the deed to Annie May Brooks being absolute on its face for a recited consideration of $10 and love and affection, depends upon whether a parol trust resulted. Annie May Brooks urges as applicable the rule that parol evidence is not admissible to contradict the express terms of a deed; and that a conveyance for a recited consideration of "love and affection" is presumptively a gift. These rules are well settled by numerous authorities; but it is equally well settled that regardless of such recitals a trust may be engrafted upon a deed by parol evidence. See 42 Tex.Jur., § 70, p. 681, and numerous cases there cited.

Annie May Brooks next contends that regardless of the jury findings, Mrs. Small wholly failed to establish a parol trust by the quantum of proof required by law in such cases, citing numerous cases and the rule deduced from such cases in 42 Tex.Jur., § 76, p. 687, that "the evidence must be clear, satisfactory and convincing." On this question we have read carefully the statement of facts. In the main, it presents conflicting testimony. The testimony of Mrs. Small on a former trial, introduced to impeach her testimony on the trial here appealed from, presents some inconsistencies, contradictions, and uncertainties. This was largely due to the fact that she had made to her daughter so many conveyances of different lands at different times over a period of some 25 or 30 years, most of which were outright gifts, and had become confused with reference to some of them. Her testimony, however, that Sections 50 and 51 in McCulloch County were not intended as gifts, but were conveyed upon the agreement of Annie May and Joe Z. Brooks that they would reconvey same to her upon demand, was consistent throughout. Likewise that since the conveyance in 1923 she had continuously paid all taxes on these lands and had collected the rents therefrom. In this she was in part at least corroborated by Annie May and Joe Z. Brooks themselves.

In addition to this testimony, we find in the statement of facts an express stipulation "by and between all of the parties hereto" that on July 25, 1934, eleven years after said conveyance which the grantees insist was an outright gift from Mrs. Small, Annie May and Joe Z. Brooks gave to the Federal Land Bank a deed of trust, to secure a loan made to them, on "Surveys 1315, 1316, 1317 and 1318, owned in fee by the said Annie May Brooks, and the said Surveys 50 and 51, *which were held in trust by the said Annie May Brooks for the benefit of this plaintiff.*" (Italics ours.) The trust was therefore admitted, regardless of other testimony, to have existed in 1934; and said agreement likewise removes any question of adverse possession of said lands by the grantees up to that time. It was further shown that rents from these two sections for 1934 were deposited in the bank by Joe Z. Brooks to the credit of Mrs. Small; that in 1934 the taxes on said lands were paid by checks drawn on Mrs. Small by Annie May; and that in 1936 Mrs. Small paid the taxes which the Brooks had let go delinquent in 1935 on these lands. The original petition in this suit was filed October 27, 1937. The foregoing facts, together with the testimony of Mrs. Small, were also clearly sufficient to show a parol trust and to sustain the jury's finding against any claim of limitation title in Annie May Brooks under the three-year statute.

■ The trial court erred, however, in denying Mrs. Small recovery of the rents specifically pleaded. This suit was originally filed in October, 1937. By amended petition filed August 8, 1940, Mrs. Small specifically pleaded that the defendants, Annie May and Joe Z. Brooks, had leased to B. Davis these lands for the years 1938, 1939, and 1940, at a reasonable rental value of $640 per year. Mrs. Annie Brooks so testified and that she had collected such rents. Having recovered title she was, under the specific pleadings and the testimony, entitled to recover such rents as damages. Art. 7387, R.C.S.1925; 41 Tex. Jur., § 164, p. 669.

The jury also found that Mrs. Small deeded the 1,280 acres in Coleman County to Annie May Brooks in March, 1934, under an oral agreement that she and her husband would reconvey same to her upon demand. The trial court, however, non obstante veredicto, denied her recovery of these lands, and also her alternative plea of subrogation on the claims and lien asserted.

The consideration recited in the deed to the Coleman County lands was ten dollars cash, "and other good and valuable consideration," love and affection for her daughter, and that Annie May Brooks assume and pay off the balance of the purchase money notes, amounting to several thousand dollars, then owing by Mrs. Small to the Overall estate. The habendum and warranty clauses also recited the conveyance thereof to Annie May Brooks, "as her separate property and estate and for her own separate use and benefit."

Mrs. Small contends that under the recital of "other good and valuable consideration" she was entitled to show by parol, and have enforced, as part of the consideration, a parol agreement with said grantees that they would, upon her demand, after Federal Land Bank loans had been obtained on said lands and certain debts paid, reconvey said lands to Mrs. Small, subject to the loans made. The jury found that such oral agreement was made.

■ While fraud was alleged against the grantees in connection with these transactions, no such issue was submitted, nor requested to be submitted, to the jury and will be deemed to have been waived. In essence, Mrs. Small relies, as a basis for recovery of these lands also, upon the establishment of a parol trust. Many authorities are cited, showing exceptions to the parol evidence rule; and relating to circumstances under which the true consideration for the execution of a deed may be shown even if it vary or contradict the recited consideration; and that in some instances part of the consideration, not recited in the conveyance, may rest in parol and be binding. We deem it unnecessary in view of the conclusions we have reached to discuss the authorities relied on but refer to the general rules asserted and as stated in 17 Tex.Jur., §§ 385, 386, and 388, pp. 849 to 857; 10 R.C.L., § 222, p. 1030. But these authorities are not here controlling. It is settled that neither parol evidence, nor an extraneous agreement resting in parol, can be set up to establish a parol trust, nor defeat the estate conveyed, where the consideration for the conveyance is contractual. Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Johnson v. Johnson, Tex.Com.App., 14 S.W.2d 805;

807; Pridgen v. Furnish, Tex.Com.App., 23 S.W.2d 307; McKivett v. McKivett, 123 Tex. 298, 70 S.W.2d 694; Hillman v. Graves, Tex.Civ.App., 134 S.W.2d 436, 437; 17 Tex.Jur., § 388, p. 854; 42 Tex. Jur., § 71, p. 683. While the consideration recited wherein Annie May Brooks assumed the debts against these lands was expressly contractual; in Kahn v. Kahn, supra, the Supreme Court held that a conveyance, reciting it was for the separate use and benefit of the grantee, was contractual in nature and precluded oral evidence to defeat the grant. In such cases parol evidence does not merely explain the recitals in the deed but contradicts the express terms of the grant and the estate conveyed. It cannot therefore avail to contradict the terms of the conveyance.

The other contention made by Mrs. Small is that the court erred in refusing to establish in her favor a subrogation lien against the defendants on the 1,280 acres in Coleman County for the aggregate of $13,-412.43 claimed to have been paid by her for Annie May and Joe Z. Brooks after said conveyance.

Under the conclusion reached that the deed to the Coleman County lands vested title in the grantees, Mrs. Small was at most only secondarily liable for balance of the purchase price therefor due to the Overall estate. The record fails to disclose that such payments as she made were necessary to protect her own interests; or that she paid the debts in full against said lands. Both of these conditions are essential to her right of subrogation. New York Cas. Co. v. State, Tex. Civ.App., 161 S.W.2d 150, 152; 39 Tex. Jur., §§ 7 and 8, pps. 759 to 762. As to at least a part of this sum she appears, in the payment thereof, to have been merely a volunteer. See 39 Tex.Jur., § 27, p. 785. Having failed to show a right of subrogation, the trial court did not err in denying same.

It follows from the conclusions reached that the judgment of the trial court, in so far as it denied Mrs. Small recovery of the rents on the McCulloch County lands, is reversed and judgment here rendered for such rents as prayed for. In all other respects the judgment of the trial court is affirmed.

Reversed and rendered in part and in part affirmed.