Sergeant Donald PLAGEMAN, President, Lodge No. 1, Fraternal Order of Police, Appellant,

v.

BOARD OF COMMISSIONERS OF the CITY OF COVINGTON, Appellee.

Court of Appeals of Kentucky.

July 28, 1978.

Stephen D. Wolnitzek, Taliaferro, Smith, Wolnitzek & Schachter, Covington, for appellant.

Charles P. Wagner, Covington, for appellee.

Before MARTIN, C. J., and HAYES and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from the Kenton Circuit Court wherein the complaint filed by plaintiff-appellant, Sergeant Donald Plageman, in his capacity as President of Lodge No. 1, Fraternal Order of Police (hereinafter referred to as Plageman), against defendant-appellee, the Board of Commissioners of the City of Covington (hereinafter referred to as the Board), was dismissed for failure to state a claim. Plageman sought to have the Board submit the question of a proposed ordinance, defining the scope of negotiations and conditions of employment of police officers, to the voters of the City of Covington. When the Board refused to place the proposed ordinance on the 1977 ballot, Plageman filed suit seeking injunctive relief and a writ of mandamus against the Board.

The trial court held that Plageman had not shown irreparable harm or damage, so no injunctive relief was given. The trial court further concluded that the proposed ordinance was administrative and not legislative in nature, and therefore not within the purview of KRS 89.610. Plageman states that those two findings by the trial court are erroneous, and that the complaint filed by him does state a claim for which relief can be granted.

■ The proposed ordinance, among other things, provides for collective bargaining, impasse procedures and binding arbitration concerning employment conditions of policemen. In some respects, the ordinance parallels the concepts of KRS Chapter 345, Collective Bargaining For Firemen.

KRS 89.610(1) provides, in pertinent part, as follows:

If a petition signed by a number of voters . . ., requesting the board of commissioners to pass an ordinance therein set forth, is presented to the board of commissioners, and if the ordinance therein requested to be passed is one (1) that the board has a legal right to pass, the board shall then either pass the proposed ordinance without alteration within ten (10) days after the petition is filed, or submit the question of its passage to the voters of the city at the next regular election.

. . .

Mandamus lies to compel submission of an initiative referendum, pursuant to KRS 89.610, where all mandatory legal steps have been taken and the trial court has determined the validity of the proposed ordinance. *Utz v. City of Newport,* Ky., 252 S.W.2d 434 (1952).

■ The initial question is whether the proposed ordinance, to be adopted according to the statutory initiative procedure, is administrative or legislative. Generally, initiative provisions, such as KRS 89.610, are applicable only to acts which are legislative in character, and not to acts dealing with administrative matters. 42 Am.Jur.2d *Initiative and Referendum,* § 11, page 659.

■ The rule in this Commonwealth for determining the nature of an ordinance is "if the power to be exercised prescribes a new policy or plan it is legislative, whereas if it merely pursues a plan already adopted by the legislative body or some power superior thereto it is administrative." *City of Newport v. Gugel,* Ky., 342 S.W.2d 517, 519 (1960). Another form of the rule, as stated in *City of Newport, supra,* at page 519, is:

. . . [A]n ordinance originating or enacting a permanent law or laying down a rule of conduct or course of policy for the guidance of citizens or their officers or agents is legislative, while an ordinance which simply puts into execution previously declared policies or previously enacted laws is administrative.

In *City of Newport, supra,* the ordinance in question fixed minimum salaries for police and fire department personnel, regulated working hours, vacations and days off without pay, and provided for the filling of certain minimum personnel in various positions, along with provisions for filling certain positions with police department personnel. That ordinance was held to be administrative in nature and the court in *City of Newport, supra,* at page 520, states:

. . . While an overall, comprehensive plan or policy for personnel administration of the city government, giving consideration to such factors as the money resources available, the tax potential and its limitations, and the requirements of a unified budget, would be legislative in character, the same cannot be said of an ordinance that deals only with a segregated portion of the administrative personnel and with a part of the administrative problems, and merely prescribes details within the framework of a previously adopted general plan. Personnel administration is primarily an administrative matter, at least as far as concerns the details of management. To permit the electorate to initiate piece-meal measures affecting the fiscal affairs of the city without regard for the overall fiscal program, or measures not embodying a basic plan or policy for the entire area of government activity upon which the

measure touches, could result in destruction of the efficient administration of the affairs of the city, and we do not believe the initiative statute so intends.

The proposed ordinance, in the instant case, does not set out specific salaries, etc., as the ordinance did in *City of Newport, supra,* so as to affect the fiscal policy of the City of Covington. It merely sets out, in general terms, procedures to be followed in the negotiation process between the Board and the Fraternal Order of Police regarding different aspects of employment of policemen.

The trial court, in the instant case, stated that the proposed ordinance was merely an addition to or refinement of the present collective bargaining agreement between the two parties, in that the element of binding arbitration was added. If this is so, then the proposed ordinance would be more administrative in nature, as pursuing a plan already adopted.

However, no proof was presented on this point in the record. The Board states that the trial court can take judicial notice of that which ought to be generally known within its jurisdiction and that the previous history of the negotiations between the Board and the Fraternal Order of Police falls within the scope of judicial notice.

We do not feel that the trial court can take judicial notice of a negotiation process of which it was not connected with or a part thereof, and a finding of fact, based on no evidence, is clearly erroneous. CR 52.01.

Should the proof develop that the ordinance in question is merely an addition to an already existing ordinance or agreement, then the proposed ordinance is administrative. However, if no such agreement or ordinance is in existence, we feel that the proposed ordinance would be legislative in nature as it would set a course of policy. ". . . Surely it is a tragedy that differences do arise between various elements of public service personnel. It might be far better if such differences could be resolved through a system of binding arbitration . . . ." *Abney v. City of Winchester,* Ky.App., 558 S.W.2d 622, 623 (1977). The voters in the City of Covington may feel that, as a matter of public policy, their policemen should be employed under conditions of collective bargaining and binding arbitration.

The judgment of the trial court dismissing Plageman's complaint is reversed, with directions to take further proof in accordance with this opinion and any other necessary proof pertaining to the validity of the signatures in the petition.

All concur.