NORWOOD BUILDERS, INC. et al., Appellants,

v.

David L. TOLER et ux., Appellees.

No. A2484.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1980.

Rehearing Denied Jan. 7, 1981.

Ron Etzel, Jerry Farrer, Farrer & Etzel, Pearland, for appellants.

K. Michael Mayes, Harvill & Hardy, Houston, Sam Lee, Sr., Angleton, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

Appellee, David Toler, brought suit against appellants, Channin Homes of Danbury, Norwood Builders, Inc. and Paul Norwood under the Texas Deceptive Trade Practices—Consumer Protection Act (the Act). The trial court, sitting without a jury, rendered judgment against appellants for $60,000.00, after trebling, from which they appeal.

In 1977, David Toler (Toler), after meeting and negotiating with Paul Norwood (Norwood), entered into a contract with Norwood Builders, Inc. (Norwood Builders) for the construction of a home. The house, built by Channin Homes of Danbury (Channin), a wholly-owned subsidiary of Norwood Builders, proved to be defective structurally and cosmetically. Toler's attempts to get Channin or Norwood Builders to correct the major defects were fruitless. He gave notice of the defects and filed suit against Norwood, Norwood Builders, and Channin under the Act.

The appellants would not answer Toler's interrogatories even upon court order. The trial court granted Toler's "Rule 215A Motion" and struck all of appellants' pleadings except for the first paragraph, which alleged that Norwood acted only as an agent and was, therefore, improperly joined as an individual.

Appellants, though duly notified, did not appear at trial, either personally or by counsel. Toler testified to the negotiations, the representations of the appellants, the defects, the cost of the home and of repair, and the builder's efforts to correct the defects. An appraiser testified to the defects, the cost of repair, and the diminution of market value.

The trial court, in its findings of fact, found that Norwood had acted both individually and as an agent of Channin and Norwood Builders, that Toler had causes of action under §§ 17.50(a)(1), (a)(2), and (a)(3) of the Act, that appellants had violated §§ 17.50(a)(1), (a)(2) and (a)(3) of the Act, and that appellants' violations had caused $20,000.00 in damages to Toler. The court entered judgment for Toler for $60,000.00. Appellants' motion for new trial was overruled.

Appellants cite as error (1) the trial court's application of the Act to this case and (2) the trial court's finding that Norwood is individually liable for whatever violations did occur.

■ In 1975, the Act was amended to include as "Goods," "real property purchased or leased for use." Tex.Bus. & Comm.Code Ann. § 17.45(1) (Vernon Supp. 1980). This transaction was, therefore, a sale of goods under the Act.

■ Appellants cite *Baldwin v. Smith*, 586 S.W.2d 624 (Tex.Civ.App.-Tyler 1979, writ granted) as authority for the proposition that substantial performance of a building and construction contract will bar an action for breach of warranty under the Act. Regardless of the disposition of the writ, the case would not control. First, the *Baldwin* trial court found substantial performance. The trial court here did not. *Baldwin* involved $3,800.00 damages to a $31,300.00 home. This case involved $20,000.00 damages to a $60,000.00 home. If necessary, the findings and the judgment would support an implied finding that there was no substantial performance. Tex.R. Civ.P. 299.

■ Second, the trial court in this case found specific deceptive acts and unconscionable actions by the appellants, as well as breaches of warranty. The violations of §§ 17.50(a)(1) and (a)(3) would sustain the judgment with or without the § 17.50(a)(2) violation.

■ With respect to the appellants' second contention, the evidence is undisput-

ed that Norwood involved himself personally in the transaction. He left Toler with the impression that he owned Norwood Builders. Norwood negotiated the construction plans and contract with Toler. Toler testified that the plan and contract specifications had not been met. When Toler was about to sign the contract, Norwood directed his attention to and highlighted the language of the contract providing that the work would be performed "in a good and workmanlike manner." The appraiser testified that it had not been so performed. In order for Norwood Builders to enter into the contract with Toler, the construction company required that Toler own fee simple title to the construction site, free of any encumbrances. Toler owned five acres on which he wanted to build, but he had not fully paid for them. Norwood, therefore, orchestrated a "loan" to allow Toler to pay for one of the five acres. Toler testified that under this arrangement, Norwood bought an acre from Toler and resold it to Toler along with the house. Finally, Norwood defaulted by failing to appear at the trial even though he was timely notified.

The Act proscribes deceptive acts and unconscionable actions by *any person.* Tex. Bus. & Comm.Code Ann. §§ 17.50(a)(1), (a)(3) (Vernon Supp.1980). Norwood is a person under the Act. Tex.Bus. & Comm. Code Ann. § 17.45(3) (Vernon Supp.1980). The Act is to be "liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable action and breaches of warranty...." Tex.Bus. & Comm. Code Ann. § 17.44 (Vernon Supp.1980).

Liberal construction of the phrase "any person" requires us to hold that where, as here, the officer of a company involves himself as an individual—by holding himself out as the owner, making warranties to the consumer, and making a loan to the consumer so that the consumer may pursue the transaction—and fails to appear at trial, the finding that he acted as an individual is warranted, and it is proper for

the trial court to hold him individually liable for his own violations of the Act.

Judgment affirmed.