**Juvenal G. GONZALEZ, Appellant,**

v.

**GLOBAL TRUCK & EQUIPMENT, INC. et al, Appellees.**

No. 18009.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 11, 1981.

Russell T. Van Keuren, Houston, for appellant.

J. Patrick Coulson; Law office of W. J. Coulson, Jr., Houston, for appellees.

PEDEN, Justice.

Juvenal G. Gonzalez appeals from a take-nothing summary judgment on his action against Global Truck & Equipment, Inc., and its agents, Bill Parish and John Randall. Gonzalez brought suit under the Deceptive Trade Practices-Consumer Protection Act (DTPA), Tex.Bus. & Com.Code §§ 17.41, *et seq.*, (1977), alleging that the defendants fraudulently misrepresented to him that a truck he bought from them was an original 1976 model, when in fact it was a reconditioned 1973 truck. His point of error is that the trial court erred in sustaining the defendants'-appellees' motion for summary judgment because the summary judgment proof fails to establish as a matter of law that no genuine issue of material fact exists concerning the alleged misrepresentations.

Reversed and remanded.

All events giving rise to this suit occurred after May 23, 1977, and prior to August 17, 1979, so the provisions of the DTPA as

amended in 1977 control. *See Pennington v. Singleton*, 606 S.W.2d 682 (Tex.1980); *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977). References throughout are to the act as it was at that time.

In pertinent part Section 17.50 provided:

(a) A consumer may maintain an action if he has been adversely affected by any of the following:

(1) the use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter;

(2) breach of an express or implied warranty;

(3) any unconscionable action or cause of action by any person;

. . . .

(b) In a suit filed under this section, each consumer who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorney's fees reasonable in relation to the amount of work expended. . . .

Section 17.50A established lack of written notice as a defense to a treble damages award, as follows:

In an action brought under Section 17.-50 of this subchapter, actual damages only and attorney's fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant:

. . . .

(2) proves that he had no written notice of the consumer's complaint before suit was filed, or that within 30 days after he was given written notice he tendered to the consumer (a) the cash value of the consideration received from the consumer or the cash value of the benefit promised, whichever is greater, and (b) the expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting his claim against the defendant; or

(3) in the case of a suit under Section 17.50(a)(2) the defendant proves that he was not given a reasonable opportunity to cure the defects or malfunctions before suit was filed.

▪ The appellant's position is that he is entitled to a trial on the merits of the factual issues of fraud and deceptive trade practice because the written instruments offered as summary judgment evidence do not demonstrate conclusively that no misrepresentation of material facts concerning the purchase of the truck was made to him. We agree. Gonzalez argues, *inter alia*, that the appellees' representation that the truck was an original 1976 model, which it was not, was in violation of Article 17.46(b) subsection 6.

Section 17.46 of the Act provided in pertinent part:

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(b) The term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

. . . .

(6) representing that goods are *original* or new if they are deteriorated, *reconditioned*, reclaimed, used, or secondhand. . . . (emphasis supplied)

We have found no cases specifically dealing with subsection 6, but it is clear that the essential elements of a cause of action for damages under the facts in this case are that the defendants represented reconstructed goods to the plaintiff-consumer as being original goods, that he was adversely affected by such false, misleading, or deceptive act, and that the defendants' conduct caused him to incur actual damages. *See generally Woo v. Great Southwestern Acceptance Corp.*, 565 S.W.2d 290 (Tex.Civ. App.1978, writ ref'd n. r. e.).

▪ The function of summary judgment is confined to eliminating patently unmeritorious claims and untenable defenses, *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App.), *aff'd*, 596 S.W.2d 502 (Tex.1979), and this court utilizes the same standard as the trial court in determining whether the summary judgment evidence negates as a matter of law the existence of any genuine issue of mate-

rial fact as to one or more of the essential elements of plaintiff's cause of action. *Daniels v. Shop Rite Foods, Inc.*, 502 S.W.2d 894 (Tex.Civ.App.1973, writ ref'd n. r. e.). We consider the summary judgment evidence in the light most favorable to the party opposing the motion, *Valley Stockyards Co. v. Kinsel*, 369 S.W.2d 19 (Tex. 1963), and all doubts concerning the existence of a genuine issue of material fact should be resolved against the movant, *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965). All conflicts in the evidence must be disregarded, and the evidence which tends to support the position of the non-movant is accepted as true. *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286 (1957); *Smith v. Bolin*, 153 Tex. 486, 271 S.W.2d 93 (1954).

The plaintiff's petition alleged: 1) general fraudulent acts and misrepresentations by the defendants, 2) violations of Tex.Bus. & Com.Code §§ 17.46(a), (b)(6) and (19), 3) failure by the defendants to inform the plaintiff of the truck's reconditioned status or to exhibit title to it, when such acts would have given notice of the reconditioned status, 4) that the defendants sold the truck to plaintiff at a price which, though reasonable for a 1976 original truck, was significantly overpriced for a reconditioned truck, 5) proximate cause of damage to the plaintiff from the defendants' fraudulent acts, 6) four specific fraudulent acts by the defendants which caused damage to plaintiff, to wit: a) the misrepresented cost of the truck, b) money spent on repairs of which the defendants agreed to pay half and did not, c) loss of profits which plaintiff could have made with an original 1976 truck and could not make with the truck which was purchased, and d) a $1300 payment by the plaintiff to the defendants for taxes, which payment was not reflected in any document involved in the transaction.

The defendants did specially except in their amended answer to the pleadings, filed twelve days after the motion for summary judgment was filed, but the record does not reveal that the court ever ruled on the exceptions. The unsigned order following the special exceptions indicates that the hearing on the motion to dismiss with prejudice for failure to state a cause of action was set for 9 a. m. on December 8, 1980 (the same time and date as the hearing on the motion for summary judgment). Gonzalez never amended his pleadings, and the summary judgment was granted on December 8. Since the special exceptions were not sustained, Gonzalez's suit was properly dismissed only if the summary judgment evidence affirmatively demonstrated that Gonzalez had no cause of action against the appellees and that his pleadings could not be amended to state a cause of action. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974).

At the summary judgment hearing the trial court had before it the affidavits of the plaintiff and of John Randall (vice president of Global Truck and Equipment, Inc.) and documents referred to as the purchase agreement, the application for title certificate on the truck, the Texas Certificate of Title to the truck, and the invoice allegedly handed to the appellant at the time of sale. Under the appropriate standard of review only those items favorable to the non-movant can be considered. The appellees' position must be that, even under this standard, the evidence establishes affirmatively and unambiguously 1) that the alleged misrepresentations did not occur and 2) that there is no genuine issue as to any material fact.

A review of the summary judgment evidence before the trial court follows.

Two affidavits were filed by John Randall in support of the motion for summary judgment, one concerning his version of the facts surrounding the purchase, and the other offering his expert testimony as to the classification of the truck and its value. In response Gonzalez filed a controverting affidavit to which was attached the invoice he was handed at the time the sale was consummated.

The Gonzalez affidavit recited that although he does not read the English language, the contents of the affidavit were explained to him by his attorney and the

matters sworn to are within his personal knowledge. In the affidavit he stated that when the truck was purchased in 1977, it was falsely represented to him by John Randall, Global's vice president, and by Fred Gibbs, its salesman, as a one-year-old 1976 truck, that he relied on such false representation in purchasing the truck, that an invoice handed to him at the time of sale [attached to the affidavit as Exhibit A] described the vehicle as "1 1976 RL 700 Mack" truck, and that the truck in fact was a 1973 model of substantially less value. The affidavit also recited:

[The] fact the truck was a 1973 model ... was never revealed to me by any agent or employee of the defendant and I did not discover the model year of the truck until I attempted to trade the truck in on a new model. At the time the loan officer of the State Bank and Trust Co. of San Marcos told me that he could not give me the loan value of a 1976 truck because the truck was a 1973 model. The difference was some thirteen thousand dollars.

I do not read the English language. I did not speak the English language, except very little at the time of the contract. I did not have an interpreter and the language of the contract was not explained to me.

The foregoing statement directly contradicts the statement in the first affidavit filed by Randall that no representation was made as to the year model of the truck he sold to Gonzalez.

The undated instrument referred to in the motion for summary judgment and in John Randall's affidavit as "the purchase agreement" is signed by Gonzalez, recites that an order is being placed for a blue Mack dump truck to be delivered in two weeks, and contains the handwritten word "reconstructed" in the blank following the preprinted word "SERIES." Neither the box labeled "new" or "used" is checked on the form, and the truck's model year nowhere is stated.

The recitations in the purchase agreement and the title documents affirmatively show that the truck was not an original 1976 truck. The appellees make much of the question of whether the vehicle was a 1976 truck as a matter of law under articles 6687–1 §§ 26, 32, and 37(b), V.T.C.S. This is of no moment; regardless of whether the State of Texas classified it as a 1976 reconstructed truck or as a 1973 reconstructed truck, it was, in neither event, an original 1976 truck.

We hold that Gonzalez adequately pleaded a cause of action under subsection 6 of the Act, and that no element of that subsection was negated conclusively by the summary judgment evidence. See Farley v. Prudential Insurance Co., 480 S.W.2d 176 (Tex.1972).

First, the written purchase agreement and title documents do not establish as a matter of law that the defendants did not represent the admittedly reconditioned truck to Gonzalez as being an original 1976 model. The Randall affidavits denying that any representation of the truck's original model year was made not only are statements from an interested party but also are directly contradicted by the Gonzalez affidavit.

■ During a trial on the merits it might be shown either that the appellant was aware or had sufficient opportunity to be aware of the contents of the written instruments at the time of the sale, but such a showing would not preclude the admission of parol evidence tending to show oral fraud or misrepresentation. Oakes v. Guerra, 603 S.W.2d 371, 374 (Tex.Civ.App.1980, no writ); American Transfer & Storage Co. v. Brown, 584 S.W.2d 284, 290 (Tex.Civ.App. 1979); rev'd on other grounds, 601 S.W.2d 931, (Tex.1980), cert. den., 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980).

Next, the summary judgment evidence does not conclusively negate either the essential element of adverse effect of the misrepresentation on Gonzalez or the element requiring that some actual damage be factually caused by the appellees' act. Gonzalez generally alleged that the defendants' misrepresentations proximately caused

damage to him, that he purchased the reconditioned vehicle at a price which, while reasonable for an original 1976 truck, was significantly too high for the subject truck, and that he lost profits he could have made with an original 1976 truck but could not make with the subject truck. He swore in his affidavit that when he attempted to trade in the truck the loan officer at San Marcos Bank would not give him the loan value for a 1976 truck because his truck was a 1973 model and that the difference in loan value was approximately $13,000. In his second affidavit John Randall enumerated his qualifications as an expert witness in the area of automobile values, then stated his opinion of the reasonableness and fairness of the price Gonzalez paid for the truck. This affidavit did no more than raise a fact issue. Gonzalez's answers to the defendants' interrogatories did indicate that no record was made of his attorney's telephoned notice of claim to the defendants, but, as noted earlier, lack of written notice of the misrepresentation was not an absolute defense under § 17.50A(2); the defendant who met his burden of proof in that regard still faced a claim for actual damages.

We hold that the controverting affidavit and attached invoice filed by Gonzalez in response to the defendants' motion for summary judgment raised sufficient fact issues as to each essential element of DTPA § 17.46(b)(6) to withstand the motion. The rationale of this disposition finds support in two other appellate decisions reversing summary judgments in DTPA cases.

In *Dicker v. Lomas & Nettleton Financial Corp.*, 576 S.W.2d 672, 675–77 (Tex.Civ.App. 1978, writ ref'd n. r. e.), it was held that the affidavit of one of the defendant guarantors raised a fact question as to whether he was orally released from the guaranty agreement and whether or not the parties' agreement and subsequent conduct thereunder were sufficient to prevent operation of the Statute of Frauds. The affidavit in that case stated that Kirkland "was advised continually by the [plaintiff] that because [he] was attempting ... to arrange ... additional financing, Lomas & Nettleton

would not file a suit. . . . " The Texarkana court found that the foregoing portion of the affidavit was sufficient to raise an affirmative defense and preclude summary judgment for the plaintiffs.

In that same case the trial court granted summary judgment denying defendant Dicker's counterclaim, which was based in part on alleged violations of the DTPA. The appellate court held that, while Dicker's allegation that failure to provide permanent financing did not state a cause of action for fraud under the Act, his supporting affidavit alleged facts sufficient to state a cause of action for breach of contract and that it could not be said that he pleaded facts affirmatively negating that cause. The court said that where special exceptions had not been filed which would have given Dicker an opportunity to amend his counterclaim to plead a cause of action for breach of contract, the summary judgment was improper.

In *Combs v. Fantastic Homes, Inc., supra,* the Dallas court held that the trial court erred in granting the defendant's motion for summary judgment on the ground that the plaintiff's deposition testimony showed that any representations made by the defendant's agents were not made with intent to deceive. The statements by plaintiffs did not establish as a matter of law such intent, since they had no way of knowing the state of mind of the defendant's representatives.

Finally, those arguments made by the appellees in response to Gonzalez's contentions under other subsections of the act, including breach of warranty due to misrepresentations, need not be addressed. Having decided that genuine issues of material fact exist as to a subsection 6 cause of action, we find it unnecessary to consider whether the summary judgment evidence was legally sufficient to negate a cause of action under other possible theories.

The summary judgment is reversed and the cause is remanded.

COLEMAN, C. J., and SMITH, J., participated.