Leonard WAGNER, et ux, Appellants,

v.

G.D. MORRIS, Appellee.

No. 01–82–0843–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1983.

David Sherman, J.L. Benefield and James Boanerges, Houston, for appellants.

Paul McConnell & A.R. Schwartz, Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellants brought suit against the appellee, the estate of Paul McConnell, deceased, and Cottonwood Builders, Inc. claiming fraud and violation of the Deceptive Trade Practices Act, asserting that the defendants misrepresented the interest rate on the note the appellants assumed to purchase their home from the appellees as being only 9.875% when, in fact, the interest rate was 10.5%. At the conclusion of the plaintiffs' case, the district judge withdrew the case from the jury and granted a directed verdict in favor of two defendants, McConnell and Morris. A judgment in favor of the appellants was rendered against the remaining defendant, Cottonwood Builders, Inc., but Cottonwood has not appealed. The appellants prosecuted their appeal against both Morris and the McConnell estate, but have moved to dismiss the appeal as to the McConnell estate and proceed solely against Morris.

The appellants' motion to dismiss the appeal as to the McConnell estate is granted.

The appellants bring five points of error, all complaining of the court's refusal to admit evidence of alleged oral and written representations by the appellee that the interest rate was 9⅞%. The trial court ruled, apparently in reliance upon *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978), that such evidence would violate the parol evidence rule.

The parol evidence rule excludes evidence of a prior or contemporaneous oral agreement between the parties to a written contract if such evidence changes or contradicts the terms of the written contract. *McCormack v. Cockburn,* 125 S.W.2d 695

(Tex.Civ.App.—Beaumont 1939, writ dism'd jud. corr.).

The instant case, however, is not controlled by the parol evidence rule because the appellants are not seeking to change or contradict the terms of the note in question. It is significant that the promissory note involved is not owed to the appellee, but to an Austin savings and loan association which was never a party to this suit. The appellants are not trying to avoid their obligation to pay the promissory note by proving the existence of some oral agreement relieving them of that responsibility. On the contrary, the evidence at trial was that they had paid the note as due. Appellants in no way sought to change or avoid their obligation under the promissory note, but to recover damages for the fraud and deceptive trade practice allegedly committed against them by the appellee. A primary purpose of the parol evidence rule is to avoid uncertainty and confusion in the law of promissory notes, *Town North Nat'l Bank v. Broaddus, supra* at 492, and to assure that written obligations are not, as a result of asserted contradictory oral agreements, reduced to mere "scraps of paper." *Howeth v. Davenport*, 311 S.W.2d 480, 482 (Tex.Civ.App.-San Antonio 1958, writ ref'd n.r.e.). These worthy goals are not impaired in the least by admitting evidence that the appellee orally misrepresented the interest rate. Rather, to apply the parol evidence rule in this case would unnecessarily impair the important State interest in deterring fraud and compensating its victims, which is the obvious purpose of the statutes upon which the appellants relied. Tex.Bus. & Com.Code Ann. § 17.44, 17.-46(b)(12) (Vernon 1982); § 27.01 (Vernon 1968).

Many Texas cases have held that evidence of oral representations is admissible to prove fraud or deceptive trade practices without offending the parol evidence rule. In *Oakes v. Guerra*, 603 S.W.2d 371, 374 (Tex.Civ.App.-Amarillo 1980, no writ) the court rejected an argument that parol evidence should be excluded because the contract contained both a merger and an entire agreement clause specifically providing that there were no other oral or written agreements. The Court stated:

This suit, in its present posture, is not based on the written contract between the parties or an alleged breach of the contract. It is based on a representation made by Mr. Oakes, prior to the execution of the contract, that Dr. Guerra contends was a Deceptive Trade Practice. Thus, the parol evidence rule is not applicable. *American Transfer and Storage Company v. Brown*, 584 S.W.2d 284, 290 (Tex.Civ.App.-Dallas), *rev. on other grounds*, 601 S.W.2d 931 (Tex.1980).

See also *Santos v. Midcontinent Refrigerator Company*, 471 S.W.2d 568, 569 (Tex. 1971); *Gonzales v. Global Truck and Equipment Inc.*, 625 S.W.2d 348, 351 (Tex.Civ. App.-Houston [1st District] 1981, no writ); *United Postage Corp. v. Kammeyer*, 581 S.W.2d 716, 721 (Tex.Civ.App.-Dallas 1979, no writ).

Nor is exclusion of the oral evidence of the appellee's misrepresentation required by the decision in *Town North Nat'l Bank v. Broaddus, supra*. The holding in *Broaddus* is narrow and not applicable to this case. The Court stated it as follows:

The question thus presented is whether in a suit by one not a holder in due course against the maker of a promissory note, the parol evidence rule prohibits the admission of extrinsic evidence showing that the maker was induced to sign a note by the payee's representations that the maker would not incur liability on the note.

In answering this narrow question, the Supreme Court held that before the debtor could give parol evidence that he was fraudulently induced to sign the note, ". . . . [T]here (must) be a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such note." 569 S.W.2d 194. Clearly, the question presented in the *Broaddus* case is not the question presented in this case.

The appellants testified that they never saw a copy of the note they assumed and were never told that the true interest rate was 10.5%. It is of little importance that other contract documents referred to a note (without stating the interest rate), that the appellants were not prevented from inspecting the note (wherever it may have been) before closing the transaction, or that the appellee had no affirmative duty to make the note or true copy thereof available to them. The excluded evidence showed that the appellee told the appellants that the note's interest rate was 9⅞%, and the appellants were not required to assume that this was a lie or an error and seek out the original note to protect themselves. Moreover, even if the appellants were negligent in not seeking out and ascertaining the true interest rate, their negligence would still not invoke the parol evidence rule against them. As stated in *Gonzales v. Global Truck and Equipment Inc., supra:*

> During the trial on the merits it might be shown either that the appellant was aware or had sufficient opportunity to be aware of the contents of the written instruments at the time of the sale, but such a showing would not preclude the admission of parol evidence tending to show oral fraud or misrepresentation. 625 S.W.2d at 351.

It is well established that:

> Where one has been induced to enter a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of proper care.... An affirmative answer to the requested special issue based on what Isenhower *should have known* would not, therefore, have constituted a defense to the alleged fraud. (court's emphasis)
>
> *Isenhower v. Bell,* 365 S.W.2d 354, 357 (Tex.1963), quoted with approval in *Treholm v. Ratcliff,* 646 S.W.2d 927, 933 (Tex.1983).

■ The error in excluding the evidence of the appellee's misrepresentation was not harmless, even in view of the Supreme Court's recent decision in *Karl and Kelly Company v. McLerran,* 646 S.W.2d 174 (Tex.1983). In *McLerran,* the court held that a corporate agent was not personally liable for a misrepresentation, made on behalf of the corporation, regarding the quality of certain construction work, unless it was pleaded and proved that the corporation was the alter ego of the individuals, that there was a sham corporate structure, or that there was a failure to follow corporate formalities. Like *McLerran,* this case involves a claim under the Deceptive Trade Practices Act arising from a residential real estate transaction and there was no pleading or proof to justify piercing the corporate veil.

■ However, the court in *McLerran* did not hold that a corporate agent could not be held individually liable for intentional misrepresentations, even if such representations were made on behalf of the corporation. A misrepresentation as to the rights, remedies, or obligations conferred by a contract is actionable under the Deceptive Trade Practices Act, even where there is no proof of intent to deceive. Tex.Bus. & Com.Code Ann. § 17.46(b)(12) (Vernon 1982). In this case the appellants alleged and sought to prove that the agent's misrepresentations were knowingly made. In fact, the appellants alleged that such fraudulent misrepresentations not only violated the Texas Deceptive Trade Practices Act, but also constituted fraud in a real estate transaction within the meaning of Tex.Bus. & Com.Code Ann. § 27.01. It has long been the law in Texas that a corporate agent participating in a fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation. See *Kinkler v. Jurica,* 84 Tex. 116, 19 S.W. 359 (1892); *Permian Petroleum Co. v. Barrow,* 484 S.W.2d 631 (Tex.Civ.App.-El Paso 1972, no writ). No decisions applying this principle were overruled in *McLerran.*

Points of error one through five are sustained.

The judgment is reversed and the cause is remanded for trial as to appellee G.D. Mor-

ris. The appeal is dismissed as to the estate of Paul J. McConnell, deceased.

EVANS, Chief Justice, concurring.

I concur in the holding of the majority that the recent decision of the Texas Supreme Court in *Karl & Kelly Company v. McLerran,* 646 S.W.2d 174 (Tex.1983) did not change existing law with respect to the individual liability of a corporate agent for intentional misrepresentations. Thus, I agree with the statement of the majority that a corporate agent participating in a fraudulent act may be held individually liable, even though he performed such act as an agent for the corporation.

I also agree with the judgment of the majority that parol evidence of the alleged fraudulent misrepresentation was admissible in the case at bar. However, I do not agree that the decision of the Texas Supreme Court in *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978) should be given the narrow construction indicated by the majority opinion. The general rule stated in the *Town North* case has long been the rule in Texas, and the rule applies to all written contracts, not merely to promissory notes. *See, Indemnity Ins. Co. v. W.L. McMacatee & Sons,* 179 Tex. 166, 101 S.W.2d 553 (1937) and authorities discussed therein. When a deed contains contractual recitations regarding the terms of a vendor's lien note given in payment for the conveyance, such recitations, absent circumstances of fraud, accident or mutual mistake, may not be impeached by parol testimony so as to destroy the unambiguous terms of the note and deed of trust. *Kunkel v. Kunkel,* 515 S.W.2d 941 (Tex.Civ.App. —Amarillo 1974, writ ref'd n.r.e.; *See also, Small v. Brooks,* 163 S.W.2d 236 (Tex.Civ. App.—Austin 1942, writ ref'd). An unconditional contract to pay a specific note according to its terms cannot be contradicted by evidence of an oral agreement to the contrary. *Kane v. Union State Bank,* 384 S.W.2d 358 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.).

If the provisions of the assumption agreement contained in the deed from Cotton-wood Builders, Inc. to the appellants had specifically set forth the rate of interest in the note being assumed, or if the recorded deed of trust, to which the assumption agreement made reference, had specifically set forth such data, the appellants would, as a matter of law, have been placed on notice of the interest rate of the note they were assuming. Under such circumstances parol evidence of representations of a different rate of interest would have been inadmissible. *Kunkel v. Kunkel, supra.* As the majority opinion correctly points out, the Deceptive Trade Practices Act is designed to penalize those who misrepresent rights or obligations conferred by contract. Thus, in the instant case, parol evidence was admissible to show the making of the alleged misrepresentations since neither the deed nor the deed of trust charged the appellants, as a matter of law, with knowledge of the true facts of the matter they contend was misrepresented. Accordingly, I agree that the trial court's judgment must be reversed and the cause remanded for trial as to the appellee G.D. Morris.