Maurice L. BARCLAY, Appellant,

v.

Robert G. JOHNSON, Appellee.

No. 01–84–00207–CV.

Court of Appeals of Texas,
Houston (1 Dist.).

Feb. 14, 1985.

Charles D. Marshall, Nassau Bay, Conway Jordon, Houston, for appellant.

Albert L. Giddens, Pasadena, for appellee.

Before EVANS, C.J., and DUGGAN and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury trial resulted in a judgment for the appellee upon his claim for breach of express and implied contractual warranties and for violations of the Deceptive Trade Practices Act in the construction and sale of a home. Judgment was rendered against defendants, De-Cra Corporation, Maurice L. Barclay, Robert Allen, Wayne Denney, and Shirley Palmer Bullard for actual damages of $7,121.20, tripled to the amount of $21,363.60, plus attorney's fees of $6,425.00. Only Barclay has appealed.

In points of error one, two, and three, the appellant argues that the trial court erred by submitting special issue one and in rendering judgment thereon because there was no evidence to support the issue, there was insufficient evidence to support the issue, and the jury's answer to the issue was against the overwhelming weight of the evidence.

Special issue one inquired:

Do you find ... that Plaintiff, Robert G. Johnson, and Defendant, De-Cra Corporation, entered into a written contract to sell Plaintiff a house to be constructed by Defendant, De-Cra Corporation, at 3313 Park Dale, Deer Park, Texas?

This, as well as all other special issues, were answered in favor of the appellee.

■ An earnest money contract of February 21, 1977, signed by Robert G. Johnson and an agent for De-Cra Corporation, was admitted in evidence. This contract supports the submission of special issue number one. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). The first point of error is overruled.

The second and third points of error challenge the factual sufficiency to support the jury's answer to special issue number one. In considering factual sufficiency points, we consider all the evidence, including that supporting and not supporting the jury's finding. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The written contract evidencing the sale was admitted in evidence and plainly refers to Robert G. Johnson and De-Cra Corporation as the buyer and seller, respectively, of a house to be constructed at 3313 Park Dale, Deer Park, Texas. There was no evidence disputing the authenticity of the signatures or the authority of the signers. Furthermore, the appellant has stated in his brief that this document was "a

contract for the sale and purchase of real estate". The evidence is sufficient. Points of error two and three are overruled.

In points of error four, five, and six, the appellant argues that the trial court erred in submitting and rendering judgment upon special issues two, three, four, four(c), five, five(c), six, six(c), and six 6a(c) because there was no evidence and insufficient evidence to support the verdict, and the jury's answers were against the overwhelming weight and preponderance of the evidence. In these issues, the jury found that Maurice L. Barclay falsely represented to Robert Johnson that the De-Cra Corporation was (1) a bonded builder, (2) a bonded registered builder, (3) a member of the Greater Houston Builders Association, and (4) a G.H.B.A. Bonded Builder.

The appellee's exhibit one was a brochure that he was given at the De-Cra Corporation sales office. He testified that he read the brochure when he looked at the model homes, prior to signing the earnest money contract.

The front cover of the brochure contains two logos, one for "De-Cra Homes", and the other for "Union Realty". Page 1 of the brochure is a letter from the De-Cra Corporation signed by Maurice Barclay, Chairman of the Board, which states:

> We're a Registered Bonded Builder, which means that your home is backed by the most rigid of workmanship and warranty standards. All DE–CRA HOMES meet or surpass FHA building codes. We're members of the Greater Houston Builders Association, Texas Association of Builders and the National Home Builders Association....

The top of the third page states in large print, "From a Bonded Registered Builder: Quality, Security, Warranty", and the De-Cra Corporation is referred to repeatedly therein as a "Bonded Registered Builder".

The appellee testified that he read these representations, believed them, and, because of them, thought he could put his faith in those making the representations. The appellee met with Barclay personally, after signing the earnest money contract, concerning changes in the floor plan, and again after the start of construction. Barclay later signed a list of extras to be included in the construction.

Barclay admitted that in February, 1977, when the earnest money contract was signed, De-Cra Corporation was not a member of the Greater Houston Builders Association and was not a bonded builder. Letters were admitted in evidence from "De-Cra Homes", signed by Bob Allen, President, and from Union Realty, signed by Maurice Barclay, President, showing that the Greater Houston Builders Association, on or about January 6, 1977, instructed De-Cra Homes to delete any reference to Greater Houston Builders Association and any mention of being a "Bonded Registered Builder" from advertising media used for De-Cra Corporation.

Despite this overwhelming evidence of false representations, the appellant contends that, because he did not personally meet with the appellee *before* signing the earnest money contract, he cannot be held individually liable for the false representations he made in the brochure in his capacity as Chairman of the Board of De-Cra Corporation. Barclay never denied that the signature on the brochure was his and was placed there with his consent. There was no evidence that Barclay, who was instructed on January 6, 1977, to remove the false representations from the brochure, sought to collect the misleading brochures, or to inform the appellee that the representations therein were false.

■■■ It has long been the law in Texas that a corporate agent knowingly participating in a tortious or fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation. *Seale v. Baker*, 70 Tex. 283, 7 S.W. 742 (1888); *Kinkler v. Jurica*, 84 Tex. 116, 19 S.W. 359 (1892); *Wagner v. Morris*, 658 S.W.2d 230 (Tex.App.—Houston [1st Dist.] 1983, no writ). Knowing participation in a tortious act will render the corporate agent personally liable, while the mere breach of a corporate contractual obliga-

tion will not. *Gardner Machinery Corp. v. U.C. Leasing,* 561 S.W.2d 897, 899 (Tex. Civ.App.—Beaumont 1978, writ dism'd). It is not necessary that the "corporate veil" be pierced in order to impose personal liability, as long as it is shown that the corporate officer knowingly participated in the wrongdoing. *Permian Petroleum Co. v. Barrow,* 484 S.W.2d 631 (Tex.Civ.App.—El Paso 1972, no writ).

■ The rule stated above was not criticized, distinguished, or abandoned in *Karl and Kelly Co. v. McLerran,* 646 S.W.2d 174, 175 (Tex.1983); however, in *Karl and Kelly,* the Court did reverse a post-answer "default" judgment under the Deceptive Trade Practices Act which imposed personal liability on corporate agents. The Court noted that there was no direct evidence of a sham corporate structure, that corporate formalities were not followed, or that the agents acted as individuals. In the instant case, there was a trial, not a post-answer default judgment, and the jury found that the appellee was an officer, director, and shareholder of De-Cra Corporation and that De-Cra Corporation "was a sham used to perpetuate fraud and avoid personal liability." [1] Finally, *Karl and Kelly* appears, although it is unclear in the opinion, to have been a suit for breach of express warranty, based on unfulfilled representations that the home contracted for in that case would be constructed in a workman-like manner. Breach of warranty sounds in contract and is a cause of action under sec. 17.50(a)(2) of the Act. In the case at bar, a different section of the Act, sec. 17.46, was breached. Sections 17.46(b)(2), (3), (5), and (7), declare misrepresentations of fact to be unlawful. These sections grant a cause of action sounding in tort. *See generally Smith v. Baldwin,* 611 S.W.2d 611 (Tex.1980).

We recognize the tension between our holding in this case and in *Wagner v. Morris, supra,* with the Supreme Court's holding in *Karl and Kelly Co. v. McLerran, supra.* We believe the *McLerran* case is distinguishable for the reasons stated. If it is not distinguishable, however, we elect to follow the line of longstanding and influential opinions led by *Kinkler v. Jurica, supra,* and *Permian Petroleum Co. v. Barrow, supra.* In *Kinkler v. Jurica,* the Supreme Court adopted the opinion of the Commission of Appeals, which stated:

> The charge of the court correctly stated the law as to the personal responsibility of the defendants as directors of the association to be that they are personally liable to persons who may sustain losses in consequence of false representations made by such directors to them or to the public at large, when such representations are fraudulently and designedly made, or when ignorantly made, concerning facts susceptible of knowledge, and of which it is the official duty of such directors to obtain correct information. *Seale v. Baker,* 70 Tex. 286, 7 S.W.Rep. 742.

In *College Park Electric Belt Line v. Ide,* 40 S.W. 64, 65–66 (Tex.App.1897), the Court wrote:

> Directors are personally liable to those who are damaged by their false representation though ignorantly made, if it concerns matters pertaining to the corporation of which they should have been officially cognizant.

In *Dollar v. Lockney Supply Co.,* 164 S.W. 1076, 1079 (Tex.App.—Amarillo 1914, no writ), the Court wrote:

> We think it is clearly held in this state that the directors of a corporation are personally liable for false representations made by them to an injured party, whether they know they are false or not.

The rule has also been recognized by a federal court applying Texas law. In *L.C.L. Theatres, Inc. v. Columbia Pictures*

---

1. The findings that Barclay was an officer, director and shareholder are not attacked on appeal. The finding that De-Cra Corporation is a sham is attacked for insufficiency of evidence and no evidence. We do not decide the merits of the challenge to the sufficiency of the evidence proving that the corporation was a sham because we have not relied herein on that finding to uphold the appellant's personal liability.

*Industries,* 619 F.2d 455, 457 (5th Cir. 1980), the court quoted the following from *Permian Petroleum Co. v. Barrow, supra:*

> In these circumstances, it is not necessary that the corporate veil be pierced or even discussed. An officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing.

The rule has been recognized and applied in many other cases, including *Gardner Machinery Corp. v. U.C. Leasing, Inc., supra; Earthman's, Inc. v. Earthman,* 526 S.W.2d 192, 206 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Koenning v. Manco Corporation,* 521 S.W.2d 691, 703 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.), 531 S.W.2d 805 (Tex.1975); *Searle-Taylor Machinery Company, Inc. v. Brown Oil Tools, Inc.,* 512 S.W.2d 335, 338–39 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). *See also Norwood Builders, Inc. v. Toler,* 609 S.W.2d 861 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

■ Barclay's signature in the brochure was a false representation of a material fact, which the appellee relied upon to his detriment in signing the earnest money contract. This constituted personal participation in corporate wrongdoing sounding in tort. It was, therefore, sufficient to support a judgment against Barclay as an individual. Points of error four, five and six are overruled.

In points of error ten, eleven, and twelve, the appellant argues that the trial court erred in submitting and rendering judgment based on special issue number fourteen because there was no evidence and insufficient evidence to raise the issue, and that the jury's answer to issue fourteen was against the overwhelming weight and preponderance of the evidence.

Special Issue Fourteen inquired:

Do you find . . . that the De-Cra Corporation was a sham used to perpetuate fraud and avoid personal liability?

ANSWER: We do.

■ We need not decide whether these points of error are meritorious because there was no harm in submitting them. As we have held in our discussion of points of error four, five and six, the "corporate veil" does not have to be pierced in order to impose personal liability upon a corporate officer who knowingly participated in the wrongful transaction. *Wagner v. Morris, supra; Permian Petroleum Co. v. Barrow, supra.* The jury's answer to special issue fourteen was superfluous because it had already made findings essential to the appellant's personal liability when it found that he made false representations. Point of error fourteen is overruled.

In points of error seven, eight, and nine, the appellant argues that the trial court erred in submitting special issues seven, eight and nine and rendering judgment thereon because there was no evidence to support submission of the issues or insufficient evidence to support the jury's verdict. In special issue seven, the jury found that the appellant made an express warranty that the house would be built in a good and workmanlike manner, and in special issue eight, the jury found that such express warranty was false and that the house was not built in a good and workmanlike manner. In special issue nine, the jury found that the false warranty was a producing cause of damages, although no dollar amount was set in that issue. The appellant's contention is that there was simply no evidence that he, as an individual, made any warranty to the appellee. He points out that the "seller" of the house was the corporate defendant, DeCra Corporation, and that he acted only in an official corporate capacity.

■ We need not review these issues because they would not be grounds for reversal, even if they were meritorious. Texas Rule of Civil Procedure 434 provides that no judgment shall be reversed on appeal and a new trial ordered in any case due to the trial court's legal error during trial, unless the appellate court believes that the error amounted to such a denial of

the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. The alleged error in points seven, eight, and nine could not have caused the rendition of an improper judgment in this case because the appellee prevailed on a different, separate, and independent ground of recovery under the Deceptive Trade Practices Act.

The breach of an express warranty, which causes actual damages, is grounds for relief under the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code sec. 17.-50, and was punishable in 1977, at the time of the breach of this warranty, by triple damages and attorney's fees. However, even if the appellee presented insufficient evidence of a warranty cause of action under sec. 17.50, he did plead and prove a cause of action under secs. 17.46(b)(2), (3), (5), and (7). The jury found that the misrepresentations that the appellant was a registered bonded builder belonging to the Greater Houston Builders Association were a producing cause of the appellant's damages, which were found to be $7,121.20. At the time of these violations of sec. 17.46, such acts were punishable by three times the actual damages and reasonable attorney's fees. The Court submitted a general damage issue merely asking, "What sum of money, if paid now in cash, would reasonably compensate plaintiff for his actual damages, if any?" This was the only special issue calling for an answer in dollars and cents, and the jury did not find one particular amount of damages attributable to the breach of express warranty under sec. 17.50 and another figure for the deceptive acts condemned by sec. 17.46. Nevertheless, there is no point of error or argument on appeal that the measure of damages is different for the two claims, and no point of error or argument that the appellant objected to the submission of one special issue on damages for all claims or requested separate damage issues for separate causes of action.

We conclude that the judgment should be affirmed as rendered, regardless of whether the express warranty claim was proved, because the appellee successfully proved a different, independent cause of action entitling him to the same amount of damages.

Points of error seven, eight and nine are overruled.

The appellee has filed a cross-point complaining of the jury's failure to award attorney's fees on appeal in response to special issue thirteen. Special issue thirteen inquired as to the amount of reasonable attorney's fees for the appellee's attorney for legal services in the district court, for appeal to the Court of Appeals, for application for a writ of error to the Supreme Court, and for services in the Supreme Court if writ of error was granted. The jury found the amount of $6,425.00 to be a reasonable attorney's fee for preparation and trial of the cause in the district court. It answered zero for services by the appellee's attorney at all levels of appeal.

The appellee's attorney testified that a reasonable fee for services in the district court was $6,425.00, exactly the amount awarded by the jury. He testified that $2,500.00 was a reasonable fee for an appeal to the Court of Appeals, that $750.00 was a reasonable fee if application for writ of error were made, and that $2,500.00 was a reasonable fee for services in the Supreme Court if writ of error were granted. The expert testimony from the appellee's attorney was uncontradicted, unimpeached, and internally consistent. It was subjected to only one page of cross-examination, which involved no questions concerning the reasonableness, necessity, or amounts of the attorney's fees requested on appeal. The jury's failure to award attorney's fees on appeal at any level is against not only the great weight and preponderance of the evidence, but against all of the evidence, and it is manifestly unjust.

The remedy sought by the appellee is reversal of the judgment insofar as it awards nothing for attorney's fees on appeal and a remand of only that portion of the cause for a new trial limited to that issue. *See International Security Life Insurance Co. v. Finck*, 496 S.W.2d 544,

547 (Tex.1973); *Kosberg v. Brown*, 601 S.W.2d 414, 418 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

We sustain the appellee's cross-point number one.

The judgment is affirmed in all respects, except that the jury verdict in response to special issue thirteen (b), (c), and (d), is set aside. The issue of attorney's fees on appeal as presented in special issue thirteen (b), (c), and (d) is hereby severed from the remainder of the cause of action and remanded for a new trial.