**William J. GRIERSON, Appellant,**

v.

**PARKER ENERGY PARTNERS 1984–I, A California Limited Partnership, and Cary Grant, Appellees.**

No. A14–86–853–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 30, 1987.

Rehearing Denied Sept. 3, 1987.

Arthur Ammons, Houston, for appellant.

Olan J. Boudreaux, Jon L. Tankersley, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Parker Energy Partners 1984–I (the Partnership) and Cary Grant sued Parker Energy Technology Corporation (the Corporation) and William J. Grierson (Grierson or appellant) asking for damages and injunctive relief. The petition stated that Grierson was the President of the Corporation. It specified that the Corporation was wrongfully acting as general partner and had refused to turn over the books and records of the Partnership to the newly elected general partner. In addition the petition alleged that the defendant breached the partnership agreement and their fiduciary duties to the Partnership. The Partnership requested an accounting, removal of the Corporation as general partner, return of the books and records, and actual and exemplary damages. Grierson and the Corporation failed to answer the petition.

On March 3, 1986, the trial court entered an interlocutory judgment declaring that the Corporation was no longer the general partner of the Partnership and ordered an accounting. On March 26th the trial court held a hearing on the amount of damages that the Partnership was entitled to. At the hearing, Marlise Valice (Valice) testified that $346,308.34 of expenses were wrongfully charged to the Partnership. The expenses were costs not incurred by the Partnership but rather attributable to the Corporation or other limited partnerships that the Corporation was a partner, receipt of certain partnership fees prema-

turely, payment of $150,000 advance to drill a well that was never begun, and $2,505 cost and recreating the records because of the wrongful withholding.

Only two checks, each for the amount of $3,333.33 reflected that they were at the request of Grierson. All of the other checks were either signed by Fredrick W. Parker (Parker) or appear to be at his request. The record reflects that the Partnership was formed on June 29, 1984. At that time Parker was the president of the Corporation. In mid-December of 1984, Parker was replaced by Grierson as president of the Corporation. Prior to becoming president, Grierson was director of the Corporation and was involved in its day-to-day operations. He was also involved in the day-to-day operations of the Partnership and the disbursement of its funds. Valice testified that when she pointed out the misapplication of the Partnership funds to Grierson, he stated that it was "after the fact; there was nothing that could be done accordingly, since there was no money to put back into the Partnership...." The trial court awarded $346,308.34 actual damages, $500,000 in exemplary damages, and $45,000 in attorney's fees against Grierson and the Corporation.

Grierson raises seven points of error attacking the judgment entered against him. He claims that the pleadings and evidence failed to show that he owed a duty to the plaintiffs, that the evidence was insufficient to support the damage award, and the evidence failed to show that exemplary damages were warranted. The Corporation has not appealed. We affirm the judgment as to the Corporation, but we, however, find that the pleadings and evidence were insufficient to hold Grierson personally liable for the majority of the damages.

 In *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979) the court held that a default judgment is proper if the plaintiff's petition states a cause of action within the court's jurisdiction, gives the opposing party fair notice of the relief sought and does not affirmatively disclose the invalidity of the claim. While *Stoner* involved a post-answer default, the Texas Supreme Court stated that the standard of measuring the sufficiency of pleadings is the same in a post-answer and no answer default. *Stoner*, 578 S.W.2d at 682. Damages of all unliquidated claims must be proven with reasonable certainty. *First National Bank of Irving v. Shockley*, 663 S.W.2d 685 (Tex.App.—Corpus Christi 1983, no writ); *see also* Tex.R.Civ.P. 243.

 Both the pleadings and the evidence fail to show that Grierson was personally liable for $346,308.34 of actual and $500,000.00 of exemplary damages. The petition does not grant Grierson fair notice. In order to understand this proposition, an analysis of when a corporate officer may be held personally liable without piercing the corporate veil must be undertaken. The Corporation as a general partner owes a fiduciary duty to the limited partners to act in accordance with the partnership agreement and not to misapply funds. *See* Tex.Civ.Stat.Ann. art. 6132a, § 10 (Vernon 1970); Tex.Civ.Stat.Ann. art. 6132b § 21 (Vernon 1970). Corporate officers owe a fiduciary duty to the shareholders and the corporation. *International Bankers Life Insurance Co. v. Holloway*, 368 S.W.2d 567 (Tex.1963); *Canion v. Texas Cycle Supply, Inc.*, 537 S.W.2d 510 (Tex.Civ.App. —Austin 1976, writ ref'd n.r.e.). Generally, however, they owe no duty to third persons. *See Castleberry v. Branscum*, 721 S.W.2d 270, 271–72 (Tex.1986); *Bell Oil & Gas Co. v. Allied Chemical Corp.*, 431 S.W.2d 336, 340 (Tex.1968). They may not, however, direct or participate in tortious acts. A corporate agent who knowingly participates in tortious or fraudulent acts may be held individually liable to third persons even though he performed the act as an agent for the corporation. *Barclay v. Johnson*, 686 S.W.2d 334 (Tex.App.— Houston [1st Dist.] 1985, no writ); *3A W. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations* § 1135–52 (1986). This is in contrast to participating in a breach of a corporation contract. Participation in breach of contract will not incur personal liability to the corporate officer. *Barclay*, 686 S.W.2d at 336–37. If the officer knowingly participates in the tor-

tious act, the corporate veil need not be pierced in order to impose personal liability. *Id.* Under Texas law, the breach of a fiduciary duty is a tort. *Douglas v. Aztec Petroleum Corp,* 695 S.W.2d 312, 318 (Tex. App.—Tyler 1985, no writ). If Grierson knowingly participated in the Corporation's breaching its fiduciary duty to the Partnership, he may be held personally liable.

■ By merely saying that Grierson breached his fiduciary duties does not imply that he is personally liable for the misapplication of Partnership property. The petition alleges that "the actions" of Grierson "as hereinabove set forth constitute a breach of [his] fiduciary duties to the [Partnership]." The actions set forth "hereinabove", in the petition only complain of Grierson failing to cause the Corporation to resign as general partner and of not transferring the books and records. The petition does not make any allegations of misappropriation or conversion of partnership property as a breach of fiduciary duties. Furthermore, the phrase "breached his fiduciary duties" is ambiguous and conclusory. In order to hold Grierson personally liable without piercing the corporate veil, he must have knowingly participated in a tortious act. Stating Grierson breached fiduciary duties to the partnership is unclear when he ordinarily owes no fiduciary duty to the Partnership. The Corporation as general partner owes the fiduciary duty. Grierson owes the duty to not direct or participate in the breach of that fiduciary duty. The petition only gave fair notice to Grierson of damages incurred as a result of him not causing the Corporation to resign as general partner and transferring the books and records. To give Grierson fair notice, the petition merely had to allege that Grierson, as President of the Corporation, knowingly participated in the conversion and misapplication of partnership property. This, the petition failed to do.

We sustain appellant's first three points of error.

The evidence is also insufficient to sustain the damage award. Most of the transactions occurred before Grierson became President. All the checks were either signed by Parker or authorized by him except for two checks, each for the amount of $3,333.33. Valice never testified that Grierson knowingly participated in the misappropriation of partnership property. She merely stated that Grierson was a director of the Corporation and involved in its affairs with the Partnership. Her statements that Grierson was aware of the misapplication after the fact is insufficient on its face. With no allegation that Grierson knowingly participated in the misapplication or conversion in the petition, Grierson could not have admitted this. No connection was made between Grierson and $337,136.48 of the actual damages.[1] Points of error six and seven are sustained.

■ Since the actual damage award is not supported by the pleadings or the evidence, the exemplary damage award is unjust as to Grierson. To support an exemplary damage award, the evidence must show that the person acted with malice and wanton disregard of the rights of others. *Ware v. Paxton,* 359 S.W.2d 897 (Tex. 1962). Without such an allegation in the pleadings or any evidence showing that Grierson knowingly participated in the misapplication and conversion of partnership funds, no evidence or admission exists that he acted wantonly or with malice. We sustain appellant's fourth and fifth points of error.

Nevertheless, the evidence does reveal damages of $2,505. This amount was incurred in order to complete the audit of the Partnership. As we previously noted, Grierson had fair notice of any damages incurred as a result of his failing to cause the Corporation to resign as general partner.

1. This amount is arrived at by subtotaling the two checks Grierson signed totaling $6,666.66 and the $2,505 to recreate the records as explained below from $346,308.34 actual damages awarded by the trial court.

We note on remand that Grierson ordinarily would not be liable for $150,000 prepayment to drill the well for the Partnership. This was a contractural relationship and the Partnership's remedy is against the drilling company unless the Partnership can prove that Grierson engaged in some type of fraudulent conduct in making the contract.

These damages, therefore, must be affirmed.

The judgment as to the Corporation is affirmed. The judgment as to Grierson is severed and, as severed, is affirmed in part and reversed and remanded in part as to damages only.