IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-51109
Summary Calender

_____


In The Matter Of: JOHN THOMAS CLOUD

                                        Debtor
--------------------------------------------------------------

900 CAPITAL SERVICES, INC

                                        Appellant

v.

JOHN THOMAS CLOUD

                                        Appellee

_____

Appeal from the United States District Court
for the Western District of Texas
No. A-99-CV-557-JN
_____

May 4, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

    Appellant 900 Capital Services, Inc. appeals from the
district court's judgment affirming the bankruptcy court's
dismissal of its proof of claim against Debtor-Appellee John
Cloud.  We AFFIRM.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Appellant 900 Capital Services ("Capital") originally filed a proof of claim in Cloud's Chapter 11 bankruptcy proceedings seeking $1,482,028.88 in damages, as well as an order forcing Cloud to return stock and real property allegedly under his control to Thousand Adventures, Inc. ("TAI") and its subsidiaries. Capital is a finance company that had loaned money to TAI and its subsidiaries.[1] When TAI and its subsidiaries defaulted, Capital actively pursued collection by obtaining a $1,028,265.01 judgment against TAI and David Vopnford (one of TAI's principals), in the United States District Court for the Central District of California. It also filed claims in at least two Chapter 7 bankruptcy proceedings pending against TAI subsidiaries -- Thousand Adventures of Florida and Thousand Adventures of Kansas.[2]

Capital's proof of claim against Cloud alleged that he had engaged in fraud, conversion, fraudulent transfer, and conspiracy by shifting assets belonging to TAI and its subsidiaries to companies controlled by Cloud, after TAI and its subsidiaries were insolvent. Specifically, Capital alleges that: (1) TAI transferred, without consideration, all the stock of its

---

[1]  At a hearing before the bankruptcy court, Capital admitted that, although it loaned money to TAI and a number of its subsidiaries, it was only pursuing its claim on the basis of money loaned to the subsidiaries.

[2]  Capital does not state, and it is not clear from the record, whether it filed a claim in the Chapter 7 proceedings against TAI.

subsidiaries to RV Holdings, Inc. ("RVHI")[3]; (2) that Cloud, Vopnford, and others set up a company known as Travel America, Inc.,[4] which collects funds due to TAI, thus diverting those funds from TAI and its subsidiaries; and (3) that Cloud and Vopnford caused real property belonging to TAI to be transferred to Travel America and a company known as Buffalo Mortgage Corporation ("Buffalo"). Capital claims that Cloud is an officer and director of RVHI, Travel America (Delaware), Travel America (Texas), and Buffalo, and that he is a 19% equity owner of Travel America (Texas). Capital does not allege, and the record does not indicate, that Cloud is an officer, director, or owner of TAI or any of its subsidiaries.

Cloud objected to Capital's proof of claim. The bankruptcy court viewed Cloud's objection as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Finding that Capital failed to state a valid claim against Cloud, the bankruptcy court dismissed Capital's proof of claim. Capital then appealed to the district court, which affirmed without comment. Capital now appeals to this court.

## II.

The bankruptcy court dismissed Capital's proof of claim

---

[3] Prior to the transfer, the stock of TAI's subsidiaries was 100% owned by TAI.

[4] Capital contends that Vopnford and Cloud actually established two Travel America corporations – one in Texas ("Travel America (Texas)") and another in Delaware ("Travel America (Delaware)").

3

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Therefore, we review the court's decision to dismiss de novo. See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997). Capital's proof of claim must be construed in its favor, with all the facts pleaded taken as true. See Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir. 1986). While motions to dismiss pursuant to Rule 12(b)(6) are generally looked upon with disfavor, a court may grant such a motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

On appeal, Capital presents three issue for review. First, it argues that the bankruptcy court erred in applying Rule 12(b)(6) to a proof of claim. Second, Capital contends that its proof of claim was presumptively valid and therefore the bankruptcy court erred in dismissing the claim without first requiring Cloud to come forward with evidence rebutting the allegations. Lastly, it claims that the lower courts erred in finding that it failed to state a valid claim against Cloud.

## A. Application of Federal Rule of Civil Procedure 12(b)(6) and the Burden of Proof

Capital contends that the bankruptcy court erred in applying the same rules of pleading that govern general civil proceedings to a proof of claim in a bankruptcy action. We find that the bankruptcy court did not err in applying Federal Rule of Civil

4

Procedure 12(b)(6) to this matter.

By filing an objection to Capital's proof of claim, Cloud created a contested matter. See Fed. R. Bankr. 3007 advisory committee's note. Federal Rule of Bankruptcy 9014 governs contested matters. Although Rule 9014 does not explicitly provide for the application of Federal Rule of Bankruptcy 7012 (which wholly incorporates Federal Rule of Civil Procedure 12(b)-(h)), Rule 9014 does state that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply."

The bankruptcy judge specifically noted that he would view Cloud's objection to the proof of claim as a motion to dismiss pursuant to Rule 12(b)(6). By applying Rule 12(b)(6), the bankruptcy judge was exercising his power under Rule 9014 to apply "one or more of the Rules in Part VII." In this case, that rule was Federal Rule of Bankruptcy 7012. As such, the bankruptcy court was well within its discretion to apply Rule 12(b)(6) to this contested matter.

The applicability of Rule 12(b)(6) resolves Capital's contention that the bankruptcy court erred in not presuming that the proof of claim was valid and requiring Cloud to submit proof rebutting that presumption. In accordance with Rule 12(b)(6), the bankruptcy court presumed that all of the facts in Capital's proof of claim were true. See Campbell, 781 F.2d at 442. Given that the facts as pleaded by Capital were presumptively true, there was no need for Cloud to present evidence or rebut the

5

allegations. The bankruptcy court needed only resolve the legal question of whether, taking all of the allegations as true, Capital's proof of claim stated any valid claims against Cloud. See Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999) (citations omitted). The court determined that it did not.


## B. Does Capital State a Valid Claim Against Cloud?

Cloud claims that Capital cannot state a claim against him individually because all the complained of actions were taken pursuant to his role as a corporate officer of RVHI, Buffalo, or the Travel Americas. In Texas, as in other states, a corporate officer may generally not be held individually liable for actions taken on behalf of the corporation. See Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 457 (Tex. 1998). Cloud maintains that Capital has failed to allege sufficient facts to "pierce the corporate veil" and hold him individually accountable for actions taken as a corporate officer.

Capital does not refute Cloud's contention that it has failed to submit facts sufficient to "pierce the corporate veil." Rather, it argues that it is seeking to hold Cloud individually liable as an officer of a corporation who knowingly participated in a tortious act. Texas has long held that a corporate agent "who knowingly participates in tortious or fraudulent acts may be held individually liable to third persons even though he performed the act as an agent for the corporation." Grierson v. Parker Energy Partners, 737 S.W.2d 375, 377 (Tex.App. 1987, no

writ); see also Kinkler v. Jurica, 19 S.W. 359, 360 (Tex. 1892). "It is not necessary that the 'corporate veil' be pierced in order to impose personal liability, as long as it is shown that the corporate officer knowingly participated in the wrongdoing." Barclay v. Johnson, 686 S.W.2d 334, 337 (Tex.App. 1985, no writ) (citations omitted).

Even accepting Capital's assertion that it is seeking to hold Cloud liable as a tortfeasor, we nonetheless find that it has failed to state a valid claim. On appeal, Capital focuses on three discrete events as giving rise to its claims: (1) the transfer, without consideration, of all of TAI's subsidiaries' stock from TAI to RVHI; (2) the transfer of real property owned by TAI's subsidiaries to Travel America and Buffalo; and (3) the alleged redirection of money due to TAI to Travel America.[5]

We agree with the bankruptcy court that, viewing the pleadings as a whole, Capital cannot state a cause of action against Cloud. Any claim that Cloud or RVHI converted TAI's property or defrauded TAI and its creditors by taking transfer of the subsidiaries' stock without consideration is a claim owned by TAI's estate, and must be brought by TAI's trustee, not a creditor of TAI's subsidiaries. Similarly, any claim that Cloud or Travel America converted TAI's assets by illicitly collecting money due to TAI is also a claim properly brought by TAI's

_____

[5] Capital does not specify whether the alleged recipient of the funds was Travel America (Texas) or Travel America (Delaware). Nor does it specify which Travel America allegedly received the real property transferred from TAI's subsidiaries.

7

trustee.[6]

Capital also fails to state a claim against Cloud based on the transfer of real property belonging to TAI's subsidiaries. As the bankruptcy court noted, Capital's allegations essentially contend that Vopnford and Cloud caused TAI's subsidiaries to transfer real property. There is, however, no allegation that Cloud was a transferee of this property. Rather, the allegation is that the real property was transferred to Travel America and Buffalo. To the extent that any property was transferred out of an insolvent TAI subsidiary, a creditor may chase that property and seek an avoidance of the transaction. See Tex. Bus. & Com. Code Ann. § 24.008(a) (West 1987); In re Mortgageamerica Corp., 714 F.2d 1266, 1272 (5th Cir. 1983). Such a claim, however, is a claim that must be pursued against the transferee, not Cloud individually. See Tex. Bus. & Com. Code Ann. § 24.009(b)(1)-(2) (West 2000) (stating that a judgment under the Texas Fraudulent Transfer Act may be entered against the first transferee or any subsequent transferee who did not take the property in good faith and for fair value); In re Mortgageamerica Corp., 714 F.2d at 1272 (holding that the remedy provided by the Texas Fraudulent Transfer Act "relates entirely to the debtor's fraudulently transferred property and entails no personal liability on the

---

[6] The record on appeal contains an agreed order between Cloud and TAI's trustee disallowing and denying the trustee's claims against Cloud.

8

part of those responsible for the transfer").[7]

### III.

Even read in the broadest possible light and taking all of the allegations as true, Capital's proof of claim fails to allege a cause of action against Cloud as an individual. The events complained of are either not properly brought by Capital, or not properly brought against Cloud. Therefore, we find that the bankruptcy court did not err in dismissing Capital's proof of claim for failure to state a claim. AFFIRMED.

---

[7] Similarly, to the extent that Capital's claim regarding the transfer of the subsidiaries' stock to RVHI is based upon the Texas Fraudulent Transfer act, it fails to state a claim against Cloud individually.