**Affirmed in Part, Reversed in Part, Judgment Rendered, and Majority and Dissenting Opinions filed May 8, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00115-CV

### JILES DANIELS, Appellant

### V.

### EMPTY EYE, INC., EMPTY EYE & ASSOCIATES, L.P., AND JUDITH DANIELS, Appellees

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2008-02141**

## D I S S E N T I N G   O P I N I O N

Today, for the first time in the history of Texas jurisprudence, evidence is held legally sufficient to support the imposition of an informal fiduciary duty on a limited partner to place the interests of the limited partnership before his own interests. The limited partner owed no formal fiduciary duty to the limited partnership. Nonetheless, in concluding that the limited partner owed the limited partnership an informal fiduciary duty, the majority relies upon the formal fiduciary duties the limited partner owed to the other two parties involved in the business transaction in question. This "combination of

relationships" analysis is contrary to Texas law and results in "fiduciary duty by association." By adopting this approach, the majority disregards the status of the limited partnership as a separate legal person. Under the applicable standard of review, the trial evidence is legally insufficient to support the jury's findings (1) that a relationship of trust and confidence existed, giving rise to an informal fiduciary duty; and (2) that damages resulted to two plaintiffs from the limited partner's alleged breach of the partnership agreement. The limited partner preserved his right to rendition of a take-nothing judgment regarding these issues. Accordingly, this court should reverse the trial court's judgment and render a take-nothing judgment.

**The evidence is legally insufficient to support the finding of a relationship of trust and confidence between the limited partner and the limited partnership.**

An informal fiduciary duty may arise from certain relationships involving a high degree of trust and confidence that do not give rise to a formal fiduciary duty.[1] *See Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005). But, to give full force to contracts, Texas courts do not allow such relationships to be found lightly. *See id*. The general rule is that parties to a contract are free to pursue their own interests without incurring tort liability, even if doing so results in a breach of the contract. *See Seymour v. American Engine & Grinding Co*., 956 S.W.2d 49, 60 (Tex. App.—Houston [14th Dist.] 1996, writ denied). That one business person trusts another, and relies upon the other's promise to perform a contract, does not give rise to an informal fiduciary duty. *See id*. Every contract includes an element of confidence and trust that each party will perform faithfully the party's obligations under the contract. *See id*. Likewise, that the relationship has been a cordial one of long duration is not evidence of a confidential

---

[1] In certain formal relationships, such as the attorney-client relationship, a fiduciary duty arises as a matter of law. *See Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005). Courts sometimes call such a duty a "formal fiduciary duty." *See Insurance Company of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). The trial court correctly instructed the jury that appellant Jiles Daniels, a limited partner in appellee Empty Eye & Associates, L.P., did not owe the limited partnership a fiduciary duty based upon his status as a limited partner. Therefore, this appeal does not involve any issue as to the existence of any formal fiduciary duty.

2

relationship. *See id.* Not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship, and subjective trust is not sufficient to transform an arms-length transaction into a fiduciary relationship. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176–77 (Tex. 1997). To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must have existed before, and apart from, the agreement made the basis of the suit. *See Meyer*, 167 S.W.3d at 331.

In response to Question 1, the jury found that a relationship of trust and confidence existed between appellant Jiles Daniels and appellee Empty Eye & Associates, L.P. ("Limited Partnership"), giving rise to an informal fiduciary duty owed by Jiles to the Limited Partnership. At the time of the events material to the appellees' claims against Jiles, Jiles was married to appellee Judith Daniels. In addition, Jiles and Judith were the two limited partners in the Limited Partnership and the two shareholders in appellee Empty Eye, Inc. ("Corporation"), a corporation that served as the general partner of the Limited Partnership. After describing these relationships in their appellate brief, appellees assert that "the combination of these relationships, in light of the evidence presented at trial, is sufficient to support a jury finding that a special trust relationship existed, and that [Jiles] owed an informal fiduciary duty to [the Limited Partnership]." The majority agrees and employs this "combination of relationships" analysis.

The majority bases its conclusion that the evidence is legally sufficient upon its determination that Jiles owed a formal fiduciary duty to Judith (as her husband) and to the Corporation (as its president). But the existence of formal fiduciary duties owed to two persons does not support the finding of a relationship of trust and confidence giving rise to an informal fiduciary duty to a third person to whom no formal fiduciary duty is owed. The existence of a relationship between two parties giving rise to a formal fiduciary duty does not compel a finding that a relationship of trust and confidence exists between the parties. *See Underwriters at Lloyds v. Edmond, Deaton & Stephens Ins.*

3

*Agency,* No. 14–07–00352–CV, 2008 WL 5441225, at *8, n.9 (Tex. App.—Houston [14th Dist.] Dec. 30, 2008, no pet.) (holding that the existence of a relationship giving rise to a formal fiduciary duty does not compel a finding of a relationship of trust and confidence giving rise to an informal fiduciary) (mem. op). A fiduciary relationship must stand on its own.

The Limited Partnership, the Corporation, Judith, and Jiles are all separate legal persons. *See In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 463–66 (Tex. 2011) (holding that a Texas limited partnership is a legal person separate and distinct from the limited and general partners). No party has pleaded or presented proof of a theory for disregarding the distinction between these legal persons; therefore, in analyzing the first issue, this court cannot rely upon evidence of Jiles's relationship with Judith or the Corporaton as evidence regarding Jiles's relationship with the Limited Partnership. *See BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 798–99 (Tex. 2002) (holding that Texas law presumes that two corporate entities are distinct from each other and that party seeking to ascribe one entity's actions to another by disregarding their distinct status must plead and prove this allegation); *In re BPZ Resources, Inc.*, 359 S.W.3d 866, 876, n.6 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (holding that, absent pleading and evidence supporting a theory for ignoring the distinction between legal persons, a court must respect these distinctions in conducting its legal analysis); *Brazosport Bank of Texas v. Oak Park Townhouses*, 889 S.W.2d 676, 683–84 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding that there was legally insufficient evidence of a relationship of trust and confidence between a bank and a partnership despite formal fiduciary duties owed to the bank and the partnership by other persons involved in the transactions in question). In *Brazosport Bank of Texas*, this court held that the evidence was legally insufficient to support the jury's finding of a relationship of trust and confidence between a bank and a general partnership. *See Brazosport Bank of Texas*, 889 S.W.2d at 683–84. In doing so, this court noted that the general partners owed one another a formal fiduciary duty and that the directors owed the

bank a formal fiduciary duty. *See id*. And, this court concluded that that even if one or more of the general partners were also directors of the bank, these relationships and formal fiduciary duties between other persons in the transactions in question were not relevant as to whether a confidential relationship existed between the bank and the partnership. *See id*. Texas law does not allow an informal fiduciary duty to be imposed on one person based upon a "combination of relationships" among that person and other legal persons to whom a formal fiduciary duty is owed. *See id*. The majority's analysis conflicts with this court's precedent in *Brazosport Bank of Texas. See id*.

Jiles was not an officer of the Limited Partnership, nor did he have a marital relationship with the Limited Partnership. Jiles's marital relationship with Judith and his status as president of the Corporation are not relationships with the Limited Partnership. Though Jiles was a limited partner of the Limited Partnership, this relationship, by itself, does not indicate that a relationship of trust and confidence existed between Jiles and the Limited Partnership. Presuming that Jiles had relationships giving rise to a formal fiduciary duty with both the Corporation and Judith, these relationships and duties are not relevant to the existence of a relationship of trust and confidence between Jiles and the Limited Partnership. *See In re Allcat Claims Serv., L.P.*, 356 S.W.3d at 463–66; *BMC Software Belgium, N.V.,* 83 S.W.3d at 798–99; *In re BPZ Resources, Inc*., 359 S.W.3d at 876, n.6; *Underwriters at Lloyds,* 2008 WL 5441225, at *8, n.9; *Brazosport Bank of Texas*, 889 S.W.2d at 683–84. The majority errs in relying upon evidence regarding these relationships and duties in concluding that the evidence is sufficient to support the finding of such a relationship.

The majority relies upon Jiles's participation in developing the Limited Partnership's business plan and his execution of personal guaranties of the Limited Partnership's bank debt. This activity reflects arms-length business transactions undertaken for the parties' mutual benefit; it does not reflect a relationship of trust and confidence.[2] *See Meyer*, 167 S.W.3d at 331. Judith testified at trial, "I trusted [Jiles]."

---

[2] The appellees note that the Limited Partnership had been in existence for five years before the Cochran

5

The majority relies upon this testimony. But, Judith did not testify the Limited Partnership trusted Jiles. Judith is a distinct person from the Limited Partnership. *See In re Allcat Claims Serv., L.P.*, 356 S.W.3d at 463–66. Even if Judith had testified that the Limited Partnership trusted Jiles, this assertion would be a conclusory statement of subjective trust that would be insufficient to raise a fact issue. *See Schlumberger Tech. Corp.*, 959 S.W.2d at 176–77.

The majority cites *Dunnagan v. Watson* as support. *See* 204 S.W.3d 30 (Tex. App.—Fort Worth 2006, pet. denied). But, that case does not support the majority's analysis because in *Dunnagan* there was no issue as to whether the evidence was sufficient to support a finding of a relationship of trust and confidence or whether the defendants owed a fiduciary duty. *See id.* at 44–48. In *Dunnagan*, the limited partner did not assert on appeal that he did not owe a fiduciary duty; rather, the limited partner challenged the legal and factual sufficiency of the evidence supporting the jury's findings that he breached his fiduciary duty and that damages to the plaintiff were caused by his breach. *See id.* The majority also relies upon *Grierson v. Parker Energy Partners 1984-I*. *See* 737 S.W.2d 375, 377–78 (Tex. App.—Houston [14th Dist.] 1987, no writ). But, the *Grierson* case involved a corporate officer's potential liability based upon his knowing participation in the corporation's breach of its fiduciary duty. *See id.* This case did not involve an informal fiduciary duty or an alleged relationship of trust and confidence.[3] *See id.*

---

Project and that the Limited Partnership previously had completed projects for the construction of two apartment complexes and of Jiles and Judith's house. The Limited Partnership's existence for five years and its completion of three projects are not facts indicating a confidential relationship. The evidence does not show a special relationship of trust and confidence in the operation of the Limited Partnership.

[3] The appellees argue that, under Texas law, a limited partner owes a fiduciary duty to the limited partnership if the limited partner "actively engages in control over the operation of the business." In support of this proposition, the appellees cite three cases. These cases do not support the proposition. *See McBeth v. Carpenter*, 565 F.3d 171, 177–78 (5th Cir. 2009) (holding that, under Texas law, a formal fiduciary duty arises as a matter of law out of the relationship between two limited partners); *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 473 (Tex. App.—Dallas 2008, pet. denied) (indicating that, if a limited partner acts like a general partner by participating in the control of the partnership's business, then the limited partner may be liable to third parties for the partnership's obligations, if the third party

6

Neither the majority nor the parties have cited, and research has not revealed, any Texas case in which a court held that a limited partner owed the limited partnership an informal fiduciary duty based upon a relationship of trust and confidence. Under the applicable standard of review, the evidence is legally insufficient to support the jury's finding that a relationship of trust and confidence existed between Jiles and the Limited Partnership. *See Meyer*, 167 S.W.3d at 330–31; *Schlumberger Tech. Corp.*, 959 S.W.2d at 176–77; *Seymour*, 956 S.W.2d at 59–60; *Brazosport Bank of Texas*, 889 S.W.2d at 683–84.

**The majority uses an incorrect legal standard in analyzing the substance of the limited partner's motion for new trial.**

The majority correctly states that this court must determine whether the substance of Jiles's "Amended Motion for New Trial," includes a motion for judgment notwithstanding the verdict ("a JNOV motion"). The majority also correctly notes that this motion includes a general prayer in which Jiles asked the trial court for "such other and further relief, in law or in equity, to which he may show himself justly entitled." But, in relying upon this general prayer, the majority overlooks the applicable legal standard from the Supreme Court of Texas. *See Werner v. Colwell*, 909 S.W.2d 866, 870, n.1 (Tex. 1995); *Horrocks v. Tex. Dep't of Transp.*, 852 S.W.2d 498, 499 (Tex.

---

conducted business with the partnership reasonably believing that the limited partner was a general partner, without addressing the existence of a confidential relationship or a fiduciary duty); *Dunnagan*, 204 S.W.3d at 44–48 (holding that the trial evidence was legally and factually sufficient to support the jury's findings as to the breach and damage elements of a breach-of-fiduciary-duty claim asserted by one limited partner against another limited partner, in case in which appellant did not challenge the existence of a fiduciary duty). The parties have not cited and research has not revealed any Texas precedent in which a court holds that a limited partner owes a fiduciary duty to the limited partnership if the limited partner actively engages in control over the operation of the partnership business. Even if this proposition were correct, it would not be relevant in determining whether the trial evidence is legally sufficient to support the jury's finding of a confidential relationship between Jiles and the Limited Partnership. Because no party objected to any relevant part of the jury charge at the charge conference, this court measures the sufficiency of the evidence based upon the trial court's charge. That charge did not allow the jury to find a confidential relationship or a fiduciary duty if the jury found that Jiles actively engaged in control over the operation of the business. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000); *Hirschfeld Steel Co. v. Kellogg Brown & Root, Inc.*, 201 S.W.3d 272, 283–86 (Tex. App.—Houston [14th Dist.] 2006, no. pet.).

1993) (per curiam); *J. Weingarten, Inc. v. Razey*, 426 S.W.2d 538, 540–41 (Tex. 1968). This legal standard is best understood in light of its history.

When Justice Calvert published his famous law review article regarding "no evidence" and "insufficient evidence" points of error, the Supreme Court of Texas had not yet held that a party could preserve a legal-sufficiency complaint by means of a motion for new trial. *See* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362 (1960). Justice Calvert stated the following regarding preservation of error in the trial court as to legal-sufficiency complaints:

> "No evidence" points of error are inherently and fundamentally points which call for reversal of a trial court's judgment and rendition of judgment for the appellant. They must, therefore, be based upon and related to one or more of the following procedural steps in the trial court: (a) motion for instructed verdict; (b) objection to the submission to the jury of a vital fact issue; (c) motion for judgment notwithstanding the jury's verdict; (d) motion to disregard the jury's answer to a vital fact issue.

*Id.* (footnotes omitted). Eight years later, the Supreme Court of Texas held for the first time that a party may preserve a legal-sufficiency complaint solely in a motion for new trial, but the high court concluded that if such a complaint is sustained on appeal, the proper remedy is reversal and remand for a new trial. *See Razey*, 426 S.W.2d at 540–41. In *Razey*, the Supreme Court of Texas did not expressly state whether the motion for new trial contained a general prayer, nor did the court address whether a motion for new trial containing a general prayer and a legal-sufficiency complaint could be construed as including a JNOV motion. *See id.* Twenty-five years later, the high court again held that, if a party preserves a legal-sufficiency complaint only in a motion for new trial, then the only proper appellate remedy for the trial court's error is reversal and remand for a new trial. *See Horrocks*, 852 S.W.2d at 499. A few years later, the Supreme Court of Texas issued a similar holding. *See Werner*, 909 S.W.2d at 870, n.1. Given that it is extremely unusual for a motion to lack a general prayer, and given that the high court in these cases did not state that the motions in question lacked general prayers, it is reasonable to conclude that each of the motions for new trial in these cases contained a

8

general prayer. As pointed out by Professors Powers and Ratliff in their 1991 law review article, the holding in these cases raises several issues. *See* William Powers, Jr. and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex. L. Rev. 515, 530–32 (1991).

As noted by Justice Calvert, if the evidence is legally insufficient to support a finding of an essential element of a claim, then the only appropriate remedy should be rendition of a take-nothing judgment on that claim. *See* Calvert, 38 Tex. L. Rev. at 362; Powers and Ratliff, 69 Tex. L. Rev. at 530–31. If the evidence at the subsequent jury trial is the same as or substantially similar to the evidence at the prior trial, then, even if the trial court grants a directed verdict, the new trial is not an effective remedy because it results in additional attorney's fees, costs, and other expenses to the parties, as well as needless expenditure of judicial resources and a waste of the jury's time. Significantly, for a variety of reasons, the evidence in the subsequent jury trial may be materially different from the evidence in the previous trial and the evidence in the subsequent trial may be legally sufficient. In this case, the remedy of a new trial is not effective for the additional reason that it gives the claimant a second chance to raise a fact issue and may not result in a take-nothing judgment against the claimant on the claim in question. The Supreme Court of Texas has not explained why a new trial is a proper remedy for a valid legal-sufficiency complaint, but it is clear that the high court has held that this is a proper remedy if the movant has requested a new trial and has not laid the predicate for rendition of a take-nothing judgment. *See Werner*, 909 S.W.2d at 870, n.1; *Horrocks*, 852 S.W.2d at 499; *Razey*, 426 S.W.2d at 540–41.

But, even if a new trial is a proper remedy in this circumstance, in these cases the Supreme Court of Texas did not address whether the substance of the motion for new trial included a JNOV motion based upon the legal-sufficiency complaint. *See Werner*, 909 S.W.2d at 870, n.1; *Horrocks*, 852 S.W.2d at 499; *Razey*, 426 S.W.2d at 540–41. Professors Powers and Ratliff have suggested that if a motion for new trial contains a complaint that the evidence is legally insufficient to support one or more jury findings,

9

and if the only effective remedy for this legal-sufficiency complaint is rendition of a take-nothing judgment on that claim, then the court should conclude that the substance of the "motion for new trial" includes a JNOV motion, as long as the motion for new trial contains a general prayer, as almost all such motions do.[4] *See* Calvert, 38 Tex. L. Rev. at 362; Powers and Ratliff, 69 Tex. L. Rev. at 530–31; *see also Kissman v. Bendix Home Sys.*, 587 S.W.2d 675, 677 (Tex. 1979) (stating that a request for relief may be based upon the general prayer in a petition if the relief is consistent with a theory reflected in the petition). Though this reasoning seems compelling, it is contrary to the prior holdings of the Supreme Court of Texas. *See Werner*, 909 S.W.2d at 870, n.1; *Horrocks*, 852 S.W.2d at 499; *Razey*, 426 S.W.2d at 540–41. Under binding precedent, the high court has concluded that the substance of a motion does not include a JNOV motion based upon the combination of a legal-sufficiency complaint and a general prayer; rather, for the substance of a motion to include a JNOV motion, the movant must expressly request rendition of judgment in the movant's favor. *See Werner*, 909 S.W.2d at 870, n.1; *Horrocks*, 852 S.W.2d at 499; *Razey*, 426 S.W.2d at 540–41. Therefore, the majority's reliance upon the general prayer is contrary to these high-court precedents. *See ante* at p. 14.

**The substance of the limited partner's motion for new trial includes an express request for rendition of judgment in his favor.**

This court must give effect to the substance, rather than the form or title, of Jiles's motion for new trial. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (1980). In addition, in this context, the Supreme Court of Texas requires an express, rather than an implied, request for rendition of a judgment in the movant's favor.[5] *See Werner*, 909

---

[4] Under this rule, it would not be necessary to allow parties to preserve error by means of a legal-sufficiency complaint combined with a request for a new trial; therefore, the remedy for all legal-sufficiency issues sustained on appeal would be a reversal and rendition of judgment.

[5] In its analysis, the majority relies upon *Ryland Enterprise, Inc. v. Weatherspoon*. *See* 355 S.W.3d 664, 665 (Tex. 2011) (per curiam). In that case, the court held that the substance of a motion included either a motion for new trial or a motion to modify, either of which extended the deadline for perfecting appeal, providing the court of appeals with appellate jurisdiction. *See id.* Though this case is an example of a court giving effect to the substance of a motion, it does not involve the rule that, to preserve a rendition point in a motion for new trial, the appellant must expressly request rendition of judgment in its favor.

S.W.2d at 870, n.1; *Horrocks*, 852 S.W.2d at 499; *Razey*, 426 S.W.2d at 540–41. The portions of the motion for new trial relevant to determining whether the substance of the motion includes such a request are as follows:

- In the first sentence of the motion, Jiles asks the trial court "to grant him a new trial for the reasons given below." Jiles then states that, "[i]n the alternative, [Jiles] asks the Court to dismiss Plaintiffs' claims with prejudice."

- Jiles states a second time that he "asks the court to grant a motion for new trial based on the reasons given below."

- Jiles states that "[g]enerally speaking, a court should grant a motion for new trial (1) if the evidence is insufficient to support the jury's answer to a jury question, or (2) if there is no evidence to support the jury's answer to a jury question."

- Jiles argues that the trial court "should grant a motion for new trial because there is no evidence, or legally [sic] insufficient evidence, to support the jury's answer to question number '1.'"

- Jiles presents argument in support of his contention that the evidence is legally insufficient to support the jury's findings as to the existence of a relationship of trust and confidence between Jiles and the Limited Partnership.

- Regarding the jury's findings in response to questions 4,5, and 6, Jiles presents argument regarding legal-sufficiency challenges to these findings and asks the trial court to grant a new trial.

- In a section entitled "Res Judicata," Jiles "reasserts that Plaintiffs' claims are barred by res judicata because they were, or could have been, brought in the divorce action between Judith and Jiles." Jiles then "incorporates by reference his motion for summary judgment on *res judicata*, filed November 3, 2008, and his motion for reconsideration, filed November 13, 2009." Jiles asks the trial court "to grant summary judgment against Plaintiffs on the grounds that their claims are barred by the doctrine of *res judicata*, and to accordingly dismiss all of Plaintiffs' claims against [Jiles]."

- At the end of the motion, Jiles asks the trial court "to grant a new trial, or in the alternative to dismiss Plaintiffs' claims."

Jiles does not employ the usual vernacular to ask the trial court to render a take-nothing judgment in his favor or to render a judgment notwithstanding the verdict. Jiles does not ask for dismissal with prejudice or, in the alternative, for a new trial. Instead, at

---

*See Werner*, 909 S.W.2d at 870, n.1. Therefore, the *Ryland Enterprise* case is not on point.

11

the beginning of the motion Jiles asks for "a new trial for the reasons stated below," or in the alternative for "the Court to dismiss Plaintiffs' claims with prejudice," without any reference to the reasons stated below. Jiles states that a new trial is a proper remedy when the evidence is legally insufficient to support a jury finding. Then, as Jiles asserts legal-sufficiency challenges to various jury findings, Jiles repeatedly asks for a new trial but does not request rendition of judgment or a dismissal of claims in these parts of the motion.

Dismissal of claims is a disposition generally associated with motions to dismiss or motions for summary judgment. In the only place in his motion in which Jiles provides an express reason as to why he is entitled to a dismissal, Jiles asserts that he is entitled to summary judgment dismissing all of the claims against him under the doctrine of res judicata. In this section, Jiles incorporates by reference his prior motion for summary judgment and his motion for reconsideration of the denial of this motion. In these two motions, Jiles asked the trial court to dismiss all of the claims against him under the doctrine of res judicata. It could be argued that the substance of the motion is that Jiles seeks a new trial based upon various legal-sufficiency arguments and, in the alternative, he seeks a summary judgment dismissing all claims with prejudice under the doctrine of res judicata.[6] But, the opening paragraph of the motion contains a general request for dismissal with prejudice, and courts have equated this relief with a take-nothing judgment. A take-nothing judgment would be a judgment notwithstanding the jury's verdict. In the final paragraph, Jiles makes a second general request for dismissal of all of the claims against him.

---

[6] The majority concludes that the substance of the motion does not include a request for a summary judgment dismissing all claims with prejudice because the trial court would have erred in granting such a request after a jury trial. *See ante* at p. 13. But parties are free to ask for relief to which they are not entitled, and the inquiry here is not what valid requests were made by Jiles but what requests he actually made under the substance of the motion. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204–06 (Tex. 2001) (holding that, even though it is error for a trial court to grant summary judgment as to claims not challenged in the summary-judgment motion, courts must still give effect to substance of trial court's order, which may be that the court erroneously granted such relief). Under the plain meaning of the language Jiles used in the motion, Jiles asked the trial court to grant a post-judgment motion for summary judgment, even though the trial court would have erred if it had granted that request.

Jiles certainly could have articulated his arguments and requests for relief with more clarity and precision. Nonetheless, given the totality of the language used in the motion and the context in which the motion was made, the substance of this motion includes an express request for rendition of judgment in Jiles's favor, sufficient to preserve a rendition point under high court precedent. *See Werner*, 909 S.W.2d at 870, n.1; *Horrocks*, 852 S.W.2d at 499; *Razey*, 426 S.W.2d at 540–41. For the reasons stated above, Jiles preserved a rendition point as to his first, second, and fifth appellate issues.[7]

**The majority fails to address all of the appellees' arguments as to why the evidence is legally sufficient to support the jury's finding that the limited partner breached the Limited Partnership Agreement.**

In his second issue, Jiles asserts that the trial evidence is legally and factually insufficient to support a finding that he breached the Limited Partnership Agreement ("Partnership Agreement") and that Judith or the Corporation sustained damages resulting from any breach of the Partnership Agreement. The majority concludes that the evidence is legally insufficient to support the breach finding.[8] Under the majority's analysis, it is not necessary to address the part of the second issue in which Jiles challenges the damages finding. This court should reverse the trial court's judgment on the breach-of-contract claim because the evidence is legally sufficient to support this finding.

In response to Question 6, the jury found that $173,334.56 would fairly and reasonably compensate "Plaintiffs" for their damages that resulted from Jiles's breach of the Partnership Agreement. The charge did not define the term "Plaintiffs." On appeal, the appellees argue that, if the record contains legally sufficient evidence that the Limited

---

[7] As stated above, this court should sustain Jiles's first issue. The majority correctly concludes that Jiles's fifth issue lacks merit.

[8] In doing so, the majority does not address the appellees' argument that the evidence is legally sufficient to support the breach finding based upon article 6132a-1, sections 5.01, 5.02(a), and 5.02(d) of the Texas Revised Civil Statutes. *See* Tex. Rev. Civ. Stat. Ann. art. 6132a-1, §§ 5.01, 5.02(a), 5.02(d) (Vernon Supp. 2009).

Partnership suffered these contract damages, then this court must overrule Jiles's issue, even if the record contains legally insufficient evidence of contract damages as to Judith and the Corporation. This assertion is incorrect.

The parties to the Partnership Agreement are Jiles, Judith, and the Corporation. In the appellees' live petition, only Judith and the Corporation assert a claim against Jiles for breach of the Partnership Agreement, and the record does not reflect that a claim by the Limited Partnership for breach of the Partnership Agreement was tried by consent. In response to a post-verdict motion filed by Jiles, the appellees described the jury's verdict as follows: "the jury found for two of the plaintiffs on their breach of fiduciary duty claims, and for *two of the plaintiffs* on the breach of contract claims." (emphasis added). In addition, the appellees requested that the trial court render judgment in favor of the Limited Partnership on its breach-of-fiduciary-duty claim and in favor of Judith and the Corporation on their breach-of-contract claims. The appellees did not state that the Limited Partnership had asserted a breach-of-contract claim, nor did the appellees ask the trial court to render judgment in favor of the Limited Partnership on any breach-of-contract claim. As requested, the trial court rendered judgment in favor of the Limited Partnership based only upon its breach-of-fiduciary-duty claim. In their appellate brief, the appellees do not argue that the Limited Partnership asserted a breach-of-contract claim against Jiles. Instead, the appellees argue that, by failing to object to Question 6, Jiles allowed the jury to include breach-of-contract damages sustained by the Limited Partnership in answering this question. In this context, this court should conclude that the term "Plaintiffs," as used in Question 6, reasonably can include only Judith and the Corporation. Therefore, in reviewing the sufficiency of the evidence, this court should look only at evidence regarding damages suffered by Judith or the Corporation as a result of Jiles's alleged breach of the Partnership Agreement.

Considering the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support it, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not, this court should conclude that the trial evidence would not enable reasonable

14

and fair-minded people to find that Judith or the Corporation sustained $173,334.56 in damages or any amount of damages at all as a result of Jiles's breach of the Partnership Agreement. *See City of Keller v. Wilson,* 168 S.W.3d 802, 823, 827 (Tex. 2005). Therefore, the evidence is legally insufficient to support the jury's damages finding. Accordingly, this court should sustain Jiles's second issue to that extent.

## Conclusion

Today, this court imposes on a limited partner the highest duty recognized under the law based upon the majority's "combination of relationships" analysis under which a fiduciary relationship arises from the defendant's associations with third persons rather than from the defendant's relationship or dealings with the plaintiff. This analysis is contrary to Texas law and results in "fiduciary duty by association." The court's decision is unsettling, especially in a business context. Businesses operate based upon the reasonable expectation that courts will recognize the lines separating corporations, limited partnerships, and other legal persons. When, as in this case, those lines are ignored, settled expectations are frustrated. Given the high hurdle under Texas law for the imposition of a fiduciary duty, no member of the business community would expect to owe a fiduciary duty to one person based upon that member's relationships or dealings with *another* person, and it is unprecedented for the court to so hold today.

The evidence is legally insufficient to support a finding (1) that a relationship of trust and confidence existed between Jiles and the Limited Partnership, or (2) that Judith sustained any amount of damages resulting from Jiles's breach of the Partnership Agreement, or (3) that the Corporation sustained any amount of damages resulting from Jiles's breach of the Partnership Agreement. The substance of Jiles's motion for new trial includes an express request for rendition of judgment in Jiles's favor, sufficient to preserve a rendition point. Therefore, under applicable precedent from the Supreme Court of Texas, Jiles preserved his right to rendition of a take-nothing judgment regarding these issues. Accordingly, this court should sustain in part Jiles's first and second issues, reverse the trial court's judgment, and render judgment that the appellees

15

take nothing.  Because it does not, I respectfully dissent.


/s/      Kem Thompson Frost
Justice


Panel consists of Chief Justice Hedges and Justices Frost and Christopher. (Christopher, J., majority).